BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
LAUREN E. BORDER (Cal. Bar No. 327770)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8231
     Facsimile: (213) 894-0141
     E-mail:    lauren.border@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-cr-00701-FMO |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION *IN LIMINE* #1 TO PRECLUDE SELF-DEFENSE ARGUMENTS |
| v. | Hearing Date: October 10, 2025 |
| ASHLEIGH BROWN, | Time: 2:00 p.m. |
| Defendant. | Location: Courtroom of the Hon. Fernando M. Olguin |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Lauren E. Border, hereby files its motion in limine to preclude defendant from raising a self-defense theory at trial.

This motion in limine is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

On September 22, 2025, government and defense counsel met and conferred regarding this motion telephonically.  At the meet and

confer, defense counsel indicated defendant had not yet decided whether defendant was going to argue self-defense, but planned to oppose the relief sought in this motion.

Dated: September 26, 2025         Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney

JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division

         /s/
LAUREN E. BORDER
Assistant United States Attorneys

Attorney for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant ASHLEIGH BROWN ("defendant") punched victim Z.C. while Z.C. was engaged in his official duties as an Inspector with the Federal Protective Services ("FPS"). For her conduct, she has been charged with violating 18 U.S.C. § 111(a)(1), simple assault of a federal officer, which is a Class A Misdemeanor. The government anticipates that defendant may raise an affirmative defense of self-defense at trial. She should be precluded from doing so.

For defendant to argue self-defense at trial, she is required to first make an offer of proof that (1) she did not know the victim was a federal officer or employee; (2) her use of force -- punching the victim -- was reasonably necessary to defend herself against her victim's (purported) immediate use of unlawful force; and (3) such force was no more force than reasonably necessary under the circumstances. See Ninth Circuit Model Jury Instruction No. 8.3 (2022 ed.). To date, the government has not received any offer of proof as to how defendant can establish a prima face case of self-defense.

Nor can defendant do so. Based on the record, defendant cannot show that: (1) she did not know the victim was a federal officer, given that she attended a protest and encountered Z.C. in a fully-marked and distinctive uniform; (2) her punch was reasonably necessary to defend herself against victim Z.C.'s (purported) immediate use of force, because Z.C. merely walked by defendant; or (3) punching Z.C. was a proportional response to Z.C.'s actions.

Because defendant is unable to establish a prima facie case that the elements of self-defense against a federal officer are met, the

Court should preclude her from raising that affirmative defense at trial.

## II. BACKGROUND

In the evening of August 2, 2025, a crowd of approximately 50 demonstrators had gathered outside the Edward Roybal Federal Building to protest recent immigration actions in Los Angeles. (See **Gov't Ex. A** – Sept. 12, 2025 statement of Z.C. regarding events on August 2, 2025 (USAO_019-20).) Z.C., along with about 10 other Federal Protective Service ("FPS") Inspectors, were on duty monitoring the crowd in vests marked "Homeland Security." (Id.; **Gov't Ex. B** - Aug. 2, 2025 social media video of protestors outside Edward Roybal Federal Building.)

One protestor, a male later identified as Jonathon Redondo-Rosales, ran in front of an unmarked federal law enforcement vehicle exiting federal property onto Alameda Street. (Id.; see also **Gov't Ex. C**[1] - Aug. 2, 2025 surveillance video of protestors outside Edward Roybal Federal Building – Angle 1.) Redondo-Rosales then threw himself onto the hood of the vehicle, attempted to evade arrest, and struck V.C. multiple times. (Id.) Once FPS Inspectors were able to detain Redondo-Rosales, they began escorting him to a loading dock area for a search incident to arrest. (See Gov't Ex. A at USAO_019.)

While Z.C. was escorting Redondo-Rosales to the loading dock area, defendant approached Z.C. (Id. at USAO_020) Multiple Inspectors, including Z.C., asked her to get back. (Id.) Defendant, however, ignored these instructions and proceeded towards Redondo-Rosales and near the group of Inspectors. (Id.) Defendant then swung

---

[1] The government will lodge with the Court copies of government exhibits B and C, both of which are videos.

2

her arm and struck Z.C.'s left arm and torso as she passed him. (Id.)  Video footage shows Z.C. turning and pointing to defendant after she strikes him.² (See Gov't Ex. B at 0:13.)



Another FPS Inspector, Inspector Eric Murberg, witnessed the assault and also pointed to defendant.  (See Ex. A at USAO_020.)  FPS Inspectors Jaupre Williams and William Terpstra attempted to arrest defendant, but she resisted.  (Id.)  After a brief struggle, Inspectors Williams and Terpstra were able to detain her using handcuffs.  (Id.)

---

² Defendant is seen in a blue mask at approximately 0:09 in Exhibit B.  Inspector Z.C. is seen pointing at approximately 0:13.

3

## III. ARGUMENT

"If a defendant cannot proffer legally sufficient evidence of each element of an affirmative defense, then he is not entitled to present evidence in support of that defense at trial." United States v. Cramer, 532 F. App'x 789, 791 (9th Cir. 2013) (upholding order excluding self-defense theory at trial when defense proffer was insufficient to meet elements as matter of law); see also United States v. Biggs, 441 F.3d 1069, 1071 (9th Cir. 2006) (discussing requirement defendant proffer elements of self-defense before trial).

Defendant must put forth "evidence upon which the jury could rationally sustain the defense." United States v. Houston, 648 F.3d 806, 816 (9th Cir. 2011) (upholding preclusion of affirmative defense of duress based on insufficient proffer). As the Supreme Court has made clear, the requirement that a defendant first establish a prima facie case for each element of an affirmative defense is an important protection against "wasting valuable trial resources." United States v. Bailey, 444 U.S. 394, 417 (1980).

### A. Defendant Cannot Establish a Prima Facie Case for Each Element of Self Defense.

Here, defendant cannot proffer prima facie evidence of any of the three required elements of self-defense, let alone all of them. The elements for self-defense set forth in the Model Ninth Circuit Jury Instructions are: (1) the defendant did not know that the victim was a federal officer or employee; (2) the defendant reasonably believed that use of force was necessary to defend oneself against an immediate use of unlawful force; and (3) the defendant used no more force than appeared reasonably necessary in the circumstances. See Ninth Circuit Model Criminal Jury Instructions, No. 8.3 (2022 ed.).

     <u>First</u>, defendant cannot establish she did not know the officer she struck was a federal officer. Defendant was protesting immigration enforcement outside a federal building and encountered federal law enforcement in uniform clearly marked "Homeland Security." This is not a case of mistaken identity, where a federal officer interacted with members of the public dressed in plain clothes. Defendant thus cannot reasonably dispute she knew Z.C.'s status as a federal officer.

     <u>Second</u>, defendant cannot establish that she reasonably believed she needed to use force to defend herself from an immediate use of unlawful force. Z.C. was not using <u>any</u> force on defendant when he encountered her -- rather, he was attempting to walk by her when she struck him, unprompted, causing him to turn and point to her so she would be detained. (<u>See</u> Gov't Ex. B.) Defendant thus could not reasonably believe she needed to use force to "defend" herself from Z.C., since if defendant had simply walked away, nothing would have happened to her. An objectively reasonable person in defendant's position would thus not believe self-defense to be necessary. <u>See</u> <u>United States v. Acosta-Sierra</u>, 690 F.3d 1111, 1126 (9th Cir. 2012) (an objective standard, rather than a subjective one, applies to the requirement that there be a reasonable belief that self-defense was necessary). To the contrary, defendant escalated the encounter when she attacked Z.C. In such circumstances, defendant is "foreclosed from presenting a theory of self-defense because [s]he preemptively attacked." <u>United States v. McNeal</u>, 765 F. App'x 193, 194 (9th Cir. 2019); <u>Acosta-Sierra</u>, 690 F.3d at 1126 ("[A]n individual who is the attacker cannot make out a claim of self-defense as a justification for an assault.").

<u>Third</u> and last, defendant cannot establish that she used no more force than what appeared reasonably necessary under the circumstances. Under no circumstances is it reasonable to strike an officer unprompted while he is walking by and not presenting any sort of threat to her or anyone else's well-being.

### B.  Defendant Cannot Establish Prima Facie Evidence of the Elements of Self Defense from Excessive Force.

An individual may make out an affirmative defense of self-defense against a federal law enforcement official who uses excessive force in a "narrow range of circumstances." <u>Acosta-Sierra</u>, 690 F.3d at 1126; <u>United States v. Span</u>, 970 F.2d 573, 580 (9th Cir. 1992) (noting that an individual has a limited right to offer reasonable resistance to arrest that is triggered by the officer's bad faith or provocative conduct). Only in those "narrow circumstances" does a defendant need not establish she was ignorant the victim was a person assisting a federal officer or employee. <u>See</u> <u>United States v. Ornelas</u>, 906 F.3d 1138, 1148 (9th Cir. 2018). Defendant must, however, still offer evidence to show "(1) a reasonable belief that the use of force was necessary to defend [herself] against the immediate use of unlawful force and (2) the use of no more force than was reasonably necessary in the circumstances." <u>Acosta-Sierra</u>, 690 F.3d at 1126 (cleaned up); <u>United States v. Urena</u>, 659 F.3d 903, 907 (9th Cir. 2011).

To the extent defense is raising a self-defense-against-excessive-force theory, it too lacks sufficient evidence. There is nothing in the record to suggest Z.C. used unlawful excessive force, or any other provocative conduct, against defendant. And for the reasons already discussed above, defendant cannot meet the burden to

show she both (1) reasonably believed that use of force was necessary to defend herself against the immediate use of unlawful force, and (2) used no more force than reasonably necessary in the circumstances.

**IV.    CONCLUSION**

In summary, the Ninth Circuit permits two forms of self-defense: (1) ignorance of the official status of the person assaulted (United States v. Feola, 420 U.S. 671, 686 (1975)), and (2) an excessive force defense (Span, 75 F.3d at 1389).  Defendant cannot make out a prima facie case for either defense.  The government respectfully requests that this Court preclude defendant from presenting this affirmative defense at trial.