BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
LAUREN E. BORDER (Cal. Bar No. 327770)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8231
     Facsimile: (213) 894-0141
     E-mail:    lauren.border@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:25-cr-00701-FMO |
| Plaintiff, | GOVERNMENT'S MOTION *IN LIMINE* #2 TO ADMIT EVIDENCE UNDER FED. R. EVID. 404(b) |
| v. | |
| ASHLEIGH BROWN, | Hearing Date: October 10, 2025 |
| Defendant. | Time:          2:00 p.m.<br>Location:      Courtroom of the Hon. Fernando M. Olguin |

   Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Lauren E. Border, hereby files its Motion In Limine #2 to Admit Evidence Under Federal Rule of Evidence 404(b).

   This motion in limine is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

On September 22, 2025, government and defense counsel met and conferred regarding this motion telephonically.  At the meet and confer, defense counsel indicated defendant opposed the relief sought in this motion.

Dated: September 26, 2025          Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney

JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division


        /s/
LAUREN E. BORDER
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

On August 2, 2025, defendant ASHLEIGH BROWN ("defendant") attended a protest outside of the Edward Roybal Federal Building and forcibly assaulted Federal Protective Services Inspector Z.C.  For this conduct, she has been charged in the information with violating 18 U.S.C. § 111(a)(1), Assault on a Federal Officer.  Less than one month later, on August 28, 2025 -- while released on bond for this case -- defendant violated the terms of her bond by following an ICE agent from work to his home, harassing him, and broadcasting his home address to the public on social media via a live-stream ("the August 28 incident").  For this conduct, a grand jury issued an indictment against defendant on September 23, 2025, in United States v. Raygoza, et al., Case No. 2:25-cr-00780-SVW, charging with her conspiracy to publicly disclose the personal information of a federal agent, in violation of 18 U.S.C. § 371, and publicly disclosing the personal information of a federal agent, in violation of 18 U.S.C. § 119(a).

The August 28 incident is admissible in this case because it demonstrates defendant's motive, intent, and lack of accident under Fed. R. Evid. 404(b), and does not run afoul of Fed. R. Evid. 403.  The government anticipates that at trial, defendant will argue she did not hit Z.C., accidentally hit him, or the assault was the product of self-defense.  Ultimately, the trial will likely be a credibility contest between Z.C. and defendant, and admitting evidence of the August 28 incident gives the jury the full context necessary to properly evaluate defendant's anticipated argument.  The government thus respectfully requests the Court grant its Motion in

Limine to admit evidence regarding the August 28 incident under Fed. Rule Evid. 404(b).[1]

## II. FACTUAL BACKGROUND

### A. Defendant's Crime

Defendant has been charged with violating 18 U.S.C. § 111(a)(1), Assault on a Federal Officer, arising out of her conduct at a protest when she hit Federal Protective Services ("FPS") Inspector Z.C. The government incorporates its statement of facts from its Motion in Limine #1 to Preclude Self-Defense Arguments. (Dkt. No. 40.)

### B. Defendant Is Granted Bond with Conditions in This Case

Defendant had her initial appearance in this case on August 5, 2025. Magistrate Judge Oliver ordered defendant released pending trial with a $5,000 bond, and she was also ordered to "stay 100 yards away from Roybal Federal Courthouse" and "stay away from any federal law enforcement agents . . . ." (Dkt. 6 at 6.)

### C. Defendant Violates her Bond and Commits Another Federal Crime Against Federal Law Enforcement on August 28, 2025

Instead of staying away from federal law enforcement agents, less than one month after her release on bond, defendant and two of her friends decided to follow an ICE agent ("R.H.") from work to his private home to intimidate him. (See Case No. 2:25-cr-00780-SVW, Dkt. No. 1 (indictment), attached as **Gov't Ex. B**; Case No. 2:25-mj-05520-DUTY, Dkt. No. 1 (complaint), attached as **Gov't Ex. C**.)

Specifically, defendant got into her car and followed R.H. from the federal building located at 300 N. Los Angeles St. to his home in Baldwin Hills -- approximately 10 miles and more than a 20-minute

---

[1] The government provided notice of its intent to introduce this evidence under Rule 404(b) on September 12, 2025 and September 26, 2025. (See **Gov't Ex. A** – Rule 404(b) Notices.)

1  drive. (See id.) When defendant and her co-conspirators got to
2  R.H.'s residence, they yelled at him in front of his wife and
3  children and shouted to his neighbors that he was an ICE agent. (See
4  id.) Defendant and her co-conspirators live-streamed the events on
5  their Instagram accounts, including their following R.H. to his home
6  and confrontation with him. (**Gov't Ex. D²** – Aug. 28, 2025 video
7  posted via Instagram.) After Baldwin Park Police arrived, defendant
8  and her co-conspirators announced on their live-stream R.H.'s
9  personal address, including the street name, number, and city, and
10 stated, "come on down." (See id.) R.H.'s personal address was
11 subsequently reposted on social media, and other individuals did
12 indeed arrive at R.H.'s house to shout at and intimidate him.
13      As a result of defendant's actions, on September 23, 2025, a
14 grand jury indicted defendant with violating 18 U.S.C. § 371:
15 Conspiracy to Publicly Disclose the Personal Information of a Federal
16 Agent; and 18 U.S.C. § 119(a): Publicly Disclosing the Personal
17 Information of a Federal Agent. (Gov't Ex. A.)
18 **III. ARGUMENT**
19      Evidence of a defendant's other crimes is admissible for another
20 purpose besides showing that the defendant acted in accordance with a
21 character trait, such as proving "motive, opportunity, intent,
22 preparation, plan, knowledge, identity, absence of mistake, or lack
23 of accident." Fed. R. Evid. 404(b)(2). Rule 404(b) is a rule of
24 "inclusion which admits evidence of other crimes or acts relevant to
25 an issue in the trial, except where it tends to prove only criminal
26 disposition." United States v. Bradshaw, 690 F.2d 704, 708 (9th Cir.

---

28   ² Government exhibit D will be manually lodged with the Court because it is a video.

1982) (citation omitted); see also United States v. Mehrmanesh, 689 F.2d 822, 830 (9th Cir. 1982) (recognizing that Rule 404(b) "is one of inclusion and that other acts evidence is admissible whenever relevant to an issue other than the defendant's criminal propensity").

The Ninth Circuit has developed a four-part test to determine the admissibility of Rule 404(b) evidence: (1) the evidence tends to prove a material point; (2) the other act evidence is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) the other act is similar to the offense charged. United States v. Cherer, 513 F.3d 1150, 1157 (9th Cir. 2008). "Acts both prior and subsequent to the indictment period may be probative to the defendant's state of mind." United States v. Ayers, 924 F.2d 1468, 1473 (9th Cir. 1991) (quoting United States v. Voorhies, 658 F.2d 710, 715 (9th Cir. 1981)). If the four-part test is satisfied, the evidence is admissible unless "its probative value is substantially outweighed by a danger of ... unfair prejudice." Fed. R. Evid. 403; see also United States v. Blitz, 151 F.3d 1002, 1008 (9th Cir. 1998).

The circumstances surrounding the August 28 incident are admissible under Fed. R. Evid. 404(b)(2). Specifically, to the extent defendant argues she did not intend to hit Z.C., did not hit him at all, or hit him in response to his use of excessive force, the August 28 incident demonstrates her motive, intent, and lack of accident to hit Z.C. Indeed, defendant's recent hostile encounters with law enforcement shortly after striking Z.C. make it significantly more likely that defendant intended to strike Z.C. See United States v. Berckmann, 971 F.3d 999, 1002 (9th Cir. 2020)

1 (upholding admission of evidence of prior assaults pursuant to Fed.
2 R. Evid. 404(b), noting in the domestic violence context that "prior
3 (and subsequent) acts of violence towards the identical victim can
4 shed light on the mindset of the defendant during the charged crime,
5 such as whether there was a grudge between the two . . . .").

6 In other words, evidence regarding the August 28 incident would
7 be admitted not to show defendant's propensity to be violent, or to
8 prove a "turbulent or quarrelsome disposition," which would be
9 impermissible, see, e.g., United States v. Bettencourt, 614 F.2d 214,
10 217 (9th Cir. 1980), but to help the jury understand the relationship
11 between defendant and the victim, a member of federal law
12 enforcement, her overall animus towards law enforcement associated
13 with arresting those protesting recent federal immigration practices,
14 and her intent to engage in the charged conduct as a form of
15 (unlawful) resistance, see, e.g., United States v. Charley, 1 F.4th
16 637, 647-49 (9th Cir. 2021) (requiring a logical connection – such as
17 a motive or intent – between prior assaults and the charged incident
18 to be admissible under Rule 404(b)); United States v. McCollum, 732
19 F.2d 1419, 1425 (9th Cir. 1984) (admitting under Rule 404(b) evidence
20 of prior bank robbery to establish intent when defendant claimed to
21 be hypnotized).  In short, the jury needs the full picture of
22 defendant's recent interactions with federal law enforcement to
23 properly evaluate her relationship with such law enforcement and
24 defendant's credibility in this case.

25 The four-part test to determine the admissibility of Rule 404(b)
26 evidence is also satisfied here.  See Cherer, 513 F.3d at 1157.  As
27 described above, defendant's subsequent indictment for additional
28 conduct involving federal law enforcement tends to prove a material

5

point in the case -- it shows defendant's motive, intent and animus, and lack of accident when she hit Z.C., and serves to rebut any claim of excessive force. The August 28 incident is also not too remote in time, as the conduct occurred even more recently than the acts charged in the information in this case. See, e.g., United States v. Vo, 413 F.3d 1010, 1018-19 (9th Cir. 2005) (holding that a 13-year-old drug conviction was "not too remote" under the Rule 404(b) four-part test). Moreover, the evidence is sufficient to support a finding that defendant committed the acts: defendant was arrested based on probable cause, indicted by a grand jury, and the case remains pending in this district. Defendant and her co-conspirators recorded her conduct, which depicts her and the co-conspirators verbally harassing the ICE agent outside of his home. (See Gov't Ex. D.) Defendant's actions on August 28, 2025 are also strikingly similar to the conduct charged in the information because each instance involved the same victim (federal law enforcement) in the context of immigration enforcement actions.

Finally, the proposed evidence does not run afoul of Fed. R. Evid. 403. The rule permits the Court to exclude evidence if its probative value is "substantially outweighed" by the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Rule 403 "favors admissibility," and its application "must be cautious and sparing." United States v. Hankey, 203 F.3d 1160, 1172 (9th Cir. 2000) ("[R]elevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403." (quotations omitted)). Only

evidence that has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one" is considered "unfairly" prejudicial. United States v. Skillman, 922 F.2d 1370, 1374 (9th Cir. 1990) (quotations omitted). The mere fact that admission of evidence may harm a defendant's case does not constitute unfair prejudice under Fed. R. Evid. 403. See United States v. Bailleaux, 685 F.2d 1105, 1111 (9th Cir. 1982).

Here, the probative value of the proffered evidence is significant. As described above, her conduct on August 28 is highly probative of defendant's motive, animus towards law enforcement, and intent to assault Z.C., and undermines defendant's anticipated defense that she was a peaceful victim, accidentally hit Z.C., or was responding to excessive force. This probative value is not substantially outweighed by the danger of unfair prejudice. It is far from emotionally stirring evidence and would not suggest a decision on an improper basis, as that can be safely guarded with a limiting instruction. See United States v. O'Brien, 601 F.2d 1067, 1070 (9th Cir. 1979). The Court should therefore refrain from employing the "extraordinary remedy" of excluding this evidence under Rule 403. United States v. Patterson, 819 F.2d 1495, 1504 (9th Cir. 1987).

**IV.  CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court allow the government to admit evidence regarding the August 28 incident at trial.