BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
LAUREN E. BORDER (Cal. Bar No. 327770)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-8231
    Facsimile: (213) 894-0141
    E-mail:   lauren.border@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-cr-00701-FMO |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION *IN LIMINE* #3 TO EXCLUDE POST-ASSAULT AND GENERAL PROTEST-RELATED EVIDENCE |
| v. | |
| ASHLEIGH BROWN, | Hearing Date: October 10, 2025<br>Time: 2:00 p.m.<br>Location: Courtroom of the Hon. Fernando M. Olguin |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Lauren E. Border, hereby files its motion in limine to exclude under Federal Rules of Evidence 401, 402, and 403 (1) any testimony or argument regarding how defendant was arrested, or photographs and similar evidence purporting to show defendant's alleged injuries from the arrest, and (2) videos and evidence regarding interactions between law enforcement and protestors in immigration actions in Los Angeles generally.

This motion in limine is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

On September 22, 2025, government and defense counsel met and conferred regarding this motion telephonically.  At the meet and confer, defense counsel indicated defendant opposed the relief sought in this motion.

Dated: September 26, 2025         Respectfully submitted,

                                         BILAL A. ESSAYLI
                                         Acting United States Attorney

                                         JOSEPH T. MCNALLY
                                         Assistant United States Attorney
                                         Acting Chief, Criminal Division


                                                /s/
                                         LAUREN E. BORDER
                                         Assistant United States Attorney

                                         Attorneys for Plaintiff
                                         UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant should be precluded from introducing at trial (1) any evidence or argument regarding the manner in which defendant was arrested after striking Federal Protective Service Inspector Z.C. at the protest on August 2, 2025, and (2) any evidence or argument regarding interactions between law enforcement and protestors more generally. The evidence that defendant intends to introduce and any testimony regarding the means by which law enforcement arrested her are plainly irrelevant under Fed R. Evid. 401 and 402 because it happened after the crime was complete, and the arrest of defendant was conducted by law enforcement officers other than Z.C. Similarly, evidence and argument regarding high-tension interactions between law enforcement and civilians protesting immigration actions generally is entirely irrelevant to whether defendant intentionally and forcibly assaulted Z.C. in this case.

Even if the Court were to find this evidence had any relevance, which it does not, it should be excluded under Fed R. Evid. 403. Immigration enforcement is a highly politicized topic. Admission of evidence of how defendant was arrested or evidence of acts between different law enforcement officers and protestors risks producing a decision based not on the law and the evidence presented at trial, but on unfair prejudice, confusing the issues, and misleading the jury. It would also waste time. This is exactly what Rule 403 is designed to prevent.

## II. FACTUAL BACKGROUND

The government incorporates its statement of facts from its Motion in Limine #1 to Preclude Self-Defense Arguments. (Dkt. No 40.)

On September 24, 2025, the defense produced several photographs of defendant's purported injuries from her arrest. (See **Gov't Ex. A.**)[1] On September 25, 2025, the defense produced three videos of interactions between law enforcement and protestors, which defense counsel estimated were filmed in late July 2025 -- days before the assault at issue involving defendant and Z.C. on August 2, 2025. (See **Gov't Exs. B-D.**)[2] None of these appear to show Z.C. and depict encounters between demonstrators and the Los Angeles Police Department and the Department of Homeland Security. The government understands defendant may introduce at trial photos, videos, and testimony about defendant's post-assault arrest and protests in Los Angeles more generally. Defendant has not proffered whether Z.C. is depicted in any of the recently disclosed videos.

## III. LEGAL STANDARD

Evidence must be relevant to defendant's guilt to be admissible. The only evidence admissible at trial is evidence that relates to the elements for the instant offense and that has a "tendency to make a fact more or less probable." Fed. R. Evid. 401; see also Fed. R. Evid. 402. The Court may also "exclude relevant evidence" if the probative value is outweighed by a "danger" of "unfair prejudice,

---

[1] The government is submitting exhibit A under seal because the photographs are of sensitive areas of defendant's body.

[2] The government is manually lodging these exhibits with the Court because they are videos.

2

confusing the issues, misleading the jury, undue delay," or "wasting time."  Fed. R. Evid. 403.

It is well-established that a defendant does not have a right to a jury nullification instruction.  United States v. Navarro-Vargas, 408 F.3d 1184, 1198 (9th Cir. 2005) (citing cases and noting that courts have "uniformly rejected" requests for jury nullification instructions); United States v. Blixt, 548 F.3d 882, 890 (9th Cir. 2008) (finding it proper to instruct the jury to disregard nullification argument).  Having no right to seek jury nullification, defendant has no right to make jury nullification arguments or present evidence relevant only to such a strategy.  See United States v. Scarmazzo, 554 F. Supp. 2d 1102, 1107 (E.D. Cal. 2008) ("Neither a [d]efendant nor his attorney has a right to present evidence that is irrelevant to a legal defense to, or an element of, the crime charged."); see also Zal v. Steppe, 968 F.2d 924, 930 (9th Cir. 1992) (Trott, J., concurring) ("Verdicts must be based on the law and the evidence, not on jury nullification as urged by either litigant." (citing Chandler v. Florida, 449 U.S. 560, 574 (1981))).  Indeed, trial courts "have a duty to forestall or prevent" jury nullification, including by preventing "impermissible" defense questioning or argument.  United States v. Lynch, 903 F.3d 1061, 1079-80 (9th Cir. 2018) (citation omitted).

**IV. ARGUMENT**

    **A. Evidence Regarding Defendant's Post-Assault Arrest and the Protests Generally Are Not Admissible.**

To prove the charge in the single-count information here, the government must prove: (1) defendant forcibly assaulted a federal officer or employee (victim Z.C.), and (2) defendant assaulted Z.C.

3

while he was engaged in, or on account of, his official duties. Ninth Circuit Model Criminal Jury Instructions, No. 8.1 (2022 ed.).

Any argument or evidence regarding how law enforcement handled defendant's arrest after the assault of Z.C., including testimony, photographs, or other evidence, are inadmissible under Rules 401, 402, and 403. For similar reasons, evidence regarding interactions between unrelated protestors and law enforcement in Los Angeles, is also inadmissible and highly inflammatory.

First, this evidence is inadmissible because it is irrelevant under Rules 401 and 402. Defendant's arrest and purported injuries occurred after defendant struck Z.C. This post-assault evidence is not probative of any relevant fact, including defendant's state of mind at the time of the offense. Even if the Court were to entertain defendant's arguments regarding self-defense, which the Government addresses in its separate motion in limine #1, the evidence would still be inadmissible because it is not relevant to whether the defendant reasonably believed that force was necessary to defend against an immediate use of lawful force by Z.C. Critically, Z.C. was not involved in the arrest of defendant. Rather, other FPS Inspectors arrested defendant after Z.C. informed them she assaulted him. Thus, the evidence and argument should be excluded as irrelevant.

For similar reasons, any evidence or argument regarding other protestors' encounters with law enforcement that did not involve the interaction between defendant and Z.C. at issue here is also plainly irrelevant. See, e.g., United States v. Copeland, 291 F. App'x 94, 97 (9th Cir. 2008) (unpublished) (not allowing jury to hear specifics of defendant's childhood abuse because it was not relevant and would

4

have created possible prejudice to the government of jury nullification based on sympathy); <u>United States v. Lottie</u>, No. 2:20-cr-115-MWF, Dkt. No. 163 (government motion to exclude testimony regarding "emotionally charged issue of excessive force" with racial undertones), <u>id.</u> Dkt. No. 172 (granting government motion).

<u>Second</u>, any testimony or argument regarding how defendant was arrested, or interactions between law enforcement and protestors beyond the interaction at issue on August 2, 2025, are inadmissible under Rule 403.  For the reasons stated above, any post-assault evidence or evidence from other protests is irrelevant to the issue of whether defendant knowingly assaulted Z.C. or whether defendant reasonably believed that striking Z.C. was necessary to defend herself against an immediate use of unlawful force by Z.C.  Notably, this belief does not apply to any unlawful force used by FPS or law enforcement generally.  Rather, it is narrowly tailored to examine the actions and beliefs between the defendant and the victim.  Even if the Court found this evidence had some minor probative value -- which it does not -- that probative value would be substantially outweighed by unfair prejudice. Fed. R. Evid. 403.  The charged crime in this case is misdemeanor assault on a federal officer, and consequently the upcoming trial turns entirely on the events <u>immediately</u> <u>prior</u> to defendant's arrest.  Defendant instead attempts to focus the jury's attention on what happened after the assault or at different protests -- a simple ploy to elicit sympathy and highlight the conduct of law enforcement generally rather than just Z.C.  Because this would be unfairly prejudicial and invites the jury to make a decision on an improper emotional basis, the Court should exclude any post-assault evidence and argument.

5

## V. CONCLUSION

Defendant is free to argue that the evidence presented at trial is insufficient to establish the elements of the crime charged. But defendant should not be permitted to make arguments or introduce evidence irrelevant to the elements of the charged offense and instead designed to promote nullification or to otherwise invite the jury to base its decision on emotion, as opposed to the facts and the law. For the foregoing reasons, the government respectfully requests that this Court grant its motion in limine.