BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
LAUREN E. BORDER (Cal. Bar No. 327770)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8231
     Facsimile: (213) 894-0141
     E-mail:   lauren.border@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>               v.<br><br>ASHLEIGH BROWN,<br><br>          Defendant. | No. 2:25-cr-00701-FMO<br><br>GOVERNMENT'S OPPOSITION TO DEFENSE MOTION *IN LIMINE* TO COMPEL GRAND JURY TESTIMONY TRANSCRIPT(S); DECLARATION OF LAUREN E. BORDER<br><br>Hearing Date: October 10, 2025<br>Time:          2:00 p.m.<br>Location:      Courtroom of the Hon. Fernando M. Olguin |

     Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Lauren E. Border, hereby files its opposition to defendant ASHLEIGH BROWN's ("defendant") motion in limine to compel grand jury testimony transcript(s).

     This opposition is based upon the attached memorandum of points and authorities and declaration of Lauren E. Border, the files and

1  records in this case, and such further evidence and argument as the

2  Court may permit.

3  Dated: October 3, 2025                Respectfully submitted,

4                                        BILAL A. ESSAYLI
                                         Acting United States Attorney
5
                                         JOSEPH T. MCNALLY
6                                        Assistant United States Attorney
                                         Acting Chief, Criminal Division
7

8                                                /s/
                                         _____
9                                        LAUREN E. BORDER
                                         Assistant United States Attorney
10
                                         Attorneys for Plaintiff
11                                       UNITED STATES OF AMERICA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2
**I.   INTRODUCTION**

3
Defendant is on a fishing expedition. Defendant is charged by

4
information with misdemeanor assault on a federal officer, in

5
violation of 18 U.S.C. § 111(a)(1). Notwithstanding the fact that

6
defendant was charged via information with a misdemeanor, and

7
therefore her case was not even required to be presented to a grand

8
jury, defendant seeks secret grand jury material based on nothing

9
more than bald speculation. Defendant's motion to compel grand jury

10
transcripts is based on speculation that her case was presented to

11
the grand jury, speculation that an indictment was not returned,[1] and

12
speculation even further that whatever occurs in secret grand jury

13
proceedings falls under the narrow exceptions to grand jury secrecy

14
or is <u>Brady</u> material and must be produced.

15
Defendant's desire to engage in a fishing expedition before

16
trial is no reason to violate the requirements of grand jury secrecy.

17
Rule 6(e)(2)(B) of the Federal Rules of Criminal Procedure prohibits

18
the disclosure of any information that would reveal "matters

19
occurring before the grand jury." This prohibition is broad. Courts

20
construing Rule 6(e), including the Ninth Circuit, have stated that

21
it extends to "anything which may reveal what occurred before the

22
grand jury," or "information which would reveal the identities of

23
witnesses or jurors, the substance of testimony, the strategy or

24
direction of the investigation, the deliberations or questions of the

25

26
_____

27
[1] As set forth in the attached declaration of Lauren E. Border, the government denies defendant's assertion that "government counsel confirmed to defense counsel that a grand jury proceeding in this

28
case occurred, and no bill was returned." (Dkt. 47 ("Mot.") at 2, fn. 1.)

jurors, and the like." <u>Standley v. Department of Justice</u>, 835 F.2d
216, 218 (9th Cir. 1987) (cleaned up). The exceptions to this rule of
secrecy are narrow and defendant has failed to meet the high burden
to pierce grand jury secrecy. Her motion should be denied, as the
court in <u>United States v. Ramos-Brito</u>, 2:25-cr-00501-SVW, recently
did. (<u>See</u> Case No. 2:25-cr-00501-SVW, dkt. 108.)

**II.  ARGUMENT**

    **A.  Legal Standard**

    The "proper functioning of our grand jury system depends upon
the secrecy of grand jury proceedings." <u>Douglas Oil Co. v. Petrol
Stops Northwest</u>, 441 U.S. 211, 218 (1979) (noting that the "Supreme
Court has consistently recognized" this premise). Indeed, "[s]ince
the 17th century, grand jury proceedings have been closed to the
public, and records of such proceedings have been kept from the
public eye. The rule of grand jury secrecy . . . is an integral part
of our criminal justice system." <u>Id.</u> at 218 n.9. The Supreme Court
has consistently recognized that this indispensable secrecy of grand
jury proceedings "must not be broken except where there is a
compelling necessity." <u>United States v. Procter & Gamble Co.</u>, 356
U.S. 677, 682 (1958). The grand jury is a public institution which
serves the community, thus its secrecy is necessary to uphold, for
this institution "might suffer if those testifying today knew that
the secrecy of their testimony would be lifted tomorrow." <u>Id.</u>

    This fundamental presumption of grand jury secrecy is now
embodied in Rule 6(e) of the Federal Rules of Criminal Procedure. A
court may permit disclosure of grand jury materials to defendant
without the consent of the government in two narrow situations, when
"preliminarily to or in connection with a judicial proceeding," or

when a defendant "shows that a ground may exist to dismiss an indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(i), (ii). Defendant does not have any ground to dismiss an indictment; indeed, there is not even an indictment in this case. Therefore, the only exception to the strong presumption of grand jury secrecy is the exception in Rule 6(e)(3)(E)(i).

A court may permit the disclosure of grand jury materials to a party under Rule 6(e)(3)(E)(i) only when the requesting party has demonstrated a "particularized need" or "compelling necessity" for disclosure which outweighs the policy of grand jury secrecy. Douglas Oil Co., 441 U.S. at 218-22. The particularized need standard is sufficiently met when the parties show "the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." Douglas Oil Co., 441 U.S. at 222.

Importantly, "[m]ere 'unsubstantiated, speculative assertions of improprieties in the proceedings'" or other matters "do not supply the 'particular need' required to outweigh the policy of grand jury secrecy." United States v. Ferreboeuf, 632 F.2d 832, 835-36 (9th Cir. 1980) (quoting United States v. Rubin, 559 F.2d 975, 988 (5th Cir. 1977), vacated on other grounds, 439 U.S. 810 (1978)); see also Costello v. United States, 350 U.S. 359, 363-64 (1956). Grand jury testimony is not to be "released for the purpose of a fishing expedition or to satisfy an unsupported hope of revelation of useful information." United Kingdom v. United States, 238 F.3d 1312, 1321 (11th Cir. 2001) (internal quotes and citation omitted).

3

Further, the "proper functioning of our grand jury system depends on the secrecy of grand jury proceedings." Douglas Oil Co., 441 U.S. at 218 (citations omitted). Courts in using their discretion to grant or deny such a motion to compel must consider the "possible effects upon the functioning of future grand juries," as well as the immediate effect on the particular grand jury at issue. Id. (acknowledging that "persons called upon to testify will consider the likelihood that their testimony may be disclosed to outside parties" and that "fear of future retribution or social stigma may act as powerful deterrents to those who come forward and aid the grand jury in the performance of its duties").

## B. Defendant Impermissibly Attempts to Use Brady to Engage in a Fishing Expedition

Defendant first attempts to compel discovery of grand jury material by baselessly invoking Brady v. Maryland, 373 U.S. 83 (1963) and speculating that grand jury information might contain Brady information. This is pure speculation and it does not trump grand jury secrecy.

As an initial matter, the defense is not entitled to know whether or not a grand jury proceeding even took place in this case. The government is prohibited from disclosing any information that would reveal "matters occurring before the grand jury" under Rule 6(e), including "information which would reveal the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of the jurors, and the like." Standley, 835 F.2d at 218. And of course, if a grand jury proceeding did not take place, there is no Brady issue, and defendant's motion is moot and should be denied.

4

Additionally, Brady does not create an absolute right of access to grand jury testimony or information. See United States v. Natale, 526 F.2d 1160, 1170 (2d. Cir. 1975) (Brady does not require that the government disclose grand jury testimony of all witnesses); Gollaher v. United States, 419 F.2d 520, 527 (9th Cir. 1969) (Brady does not support the theory that the government must disclose grand jury testimony of those it does not call as witnesses because those individuals may have given testimony beneficial to defendant). "The heart of the holding in Brady is the prosecution's suppression of evidence favorable to the accused." Moore v. Illinois, 408 U.S. 786, 794 (1972) (emphasis added). The concept of "suppression" implies that the government has information in its possession of which the defendant lacks knowledge and which the defendant would benefit from knowing. See Giles v. Maryland, 386 U.S. 66, 96 (1967) (White, J., concurring).

If a grand jury proceeding did in fact take place here, defendant cannot plausibly claim that any purported grand jury material that may exist as to her is both favorable to her and to which she lacks knowledge of is being suppressed to qualify as Brady. The government has already complied with its Brady obligations in this case and will continue to do so. Defendant has already received all the evidence in this case -- including any purported Brady material -- and is mounting her defense at trial based on that evidence. If this case was in fact presented to a grand jury, presumably defendant and her counsel can reasonably determine why or why not a grand jury may or may not have indicted her for a felony assault charged based on their assessment of the strength of the government's case. But that a grand jury may or may not have agreed

with defendant's and her counsel's assessment of the strength of the evidence does not make it <u>Brady</u>.[2]

### C. Nor Has Defendant Met the Burden of Showing a Particularized Need

Defendant's motion should be denied even if analyzed outside of a <u>Brady</u> claim. Disclosure of grand jury material is still only warranted when a party shows that they seek material only to avoid a possible injustice in another judicial proceeding and that the need for disclosure is greater than the need for continued secrecy. <u>See Douglas Oil Co.</u>, 441 U.S. at 219–22. Defendant's bald claim that grand jury material that might exist may be "unfavorable to the government and favorable to the defense" is still insufficient to show a compelling particularized need. (Mot. 4.)

Defendant's argument that any material may be favorable to her is based on mere speculation, which is insufficient to meet defendant's burden to pierce grand jury secrecy. <u>See Ferreboeuf</u>, 632 F.2d at 835 ("speculative assertions of improprieties in the proceedings" do not supply the "particular need" required to outweigh the policy of grand jury secrecy); <u>see also United Kingdom</u>, 238 F.3d at 1321 ("[n]o grand jury testimony is to be released for the purpose of a fishing expedition or to satisfy an unsupported hope of revelation of useful information") (citation omitted); <u>United States v. Warren</u>, 16 F.3d 247, 253 (8th Cir. 1994) ("a bare allegation that the records are necessary to determine if there may be a defect in the grand jury process does not satisfy the 'particularized need' requirement.").

---

[2] The government is also aware of its separate obligation to produce any grand jury transcript that contains its witness's statements as required under the Jencks Act.

1        Defendant tries to avoid her failure to show a compelling
2   particularized need by shifting her burden to the government and
3   arguing that there is "little interest in secrecy at this point"
4   because the investigation is over. (Mot. 5.) But if that were the
5   case, there would never be any need for grand jury secrecy after an
6   investigation concludes. That is not the law because Rule 6(e) still
7   requires secrecy. and defendant still has the burden of explaining
8   why the rule of secrecy should be lifted; it is not the government's
9   burden to explain why it should remain. Even if it were, however, the
10  policy implications of grand jury secrecy always persist. Indeed, the
11  most significant policy implications of grand jury secrecy that
12  survives after a grand jury investigation is concluded is that
13  secrecy encourages witnesses to testify fully and honestly without
14  fear of retribution. This consideration is to be given significant
15  weight regardless of the status of the investigation. See United
16  States v. Sobotka, 623 F.2d at 767; Illinois v. Sarbaugh, 552 F.2d
17  769, 775 (7th Cir. 1977). And other than her speculative assertions,
18  defendant utterly fails to try to explain why her need should trump
19  this important policy consideration.

20        The need to hold defendants to their evidentiary burden prior to
21  ordering the disclosure of grand jury materials is larger than any
22  one individual case because the "proper functioning of our grand jury
23  system depends on the secrecy of grand jury proceedings." Douglas Oil
24  Co., 441 U.S. at 218 (citations omitted). Defendant's speculative
25  theories are simply an attempt to breach grand jury secrecy. This is
26  unwarranted, and allowing defendant's motion to succeed would affect
27  future cases and the institution of the grand jury.

28

**III.  CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny defendant's motion.

1

## **DECLARATION OF LAUREN E. BORDER**

2      I, Lauren E. Border, declare as follows:

3          1.    I am an Assistant United States Attorney in the United

4 States Attorney's Office for the Central District of California.  I

5 am the attorney representing the government in this case.

6          2.    Defendant has been charged with a Class A misdemeanor in

7 this case, which does not require indictment by a grand jury.

8          3.    At no point have I told defense counsel that "a grand jury

9 proceeding in this case occurred, and no bill was returned." (Mot. 2,

10 fn. 1.)  Rather, I explained to defense counsel via phone that

11 pursuant to the government's discovery obligations, grand jury

12 transcripts are generally disclosed when a witness who testified at

13 grand jury would also be called to testify at trial, which was not

14 the case here.  I did not either (1) disclose to defense counsel

15 whether or not this case had been presented to a grand jury; or

16 (2) state that a grand jury did not return a true bill.  Federal Rule

17 of Criminal Procedure 6(e) prevents me from disclosing whether this

18 case proceeded to grand jury to parties not listed in the rule.

19      I declare under penalty of perjury under the laws of the United

20 States of America that the foregoing is true and correct and that

21 this declaration is executed at Los Angeles, California, on October

22 3, 2025.

23

24                                    _____/s/_____
                                     LAUREN E. BORDER
25                                    Assistant United States Attorney

26

27

28