CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
Erica Choi (Bar No. 302351)
(E-Mail: Erica_Choi@fd.org)
Shannon Coit (Bar No. 298694)
(E-Mail: Shannon_Coit@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
ASHLEIGH BROWN

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>Plaintiff,<br><br>v.<br><br>ASHLEIGH BROWN,<br><br>Defendant. | Case No. 2:25-CR-701-FMO<br><br>**OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE #2 TO ADMIT 404(B) EVIDENCE**<br><br>**Hearing: October 10, 2025, at 2:00 p.m.** |

Defendant Ashleigh Brown, by and through her attorneys, Erica Choi and Shannon Coit, hereby files this Opposition to the Government's Motion in Limine to Admit Evidence Under Federal Rule of Evidence 404(b).

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: October 3, 2025        By /s/ Erica Choi
ERICA CHOI
SHANNON COIT
Deputy Federal Public Defenders
Attorney for ASHLEIGH BROWN

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The government seeks to introduce at trial evidence of a different crime involving a different victim (doxing a federal officer), for which Ms. Brown is scheduled for trial on November 18, 2025.[1] If permitted, the government will present its 404(b) evidence through *five* government agents.[2] By contrast, the government intends to offer only three different officers—percipient witnesses to the alleged assault—in its case-in-chief. This is the definition of a trial within a trial.

The Court should exclude the evidence, which does not meet the standards of 404(b) and is clearly inadmissible under 403. The proposed evidence is prohibited under 404(a), and is inadmissible to prove Ms. Brown's character—that she bore animus towards law enforcement officers in general—and acted in accordance with that character.

The government takes inconsistent positions regarding the admissibility of Ms. Brown's interactions with law enforcement. In one motion, the government argues: "the jury needs the full picture of defendant's recent interactions with federal law enforcement to properly evaluate her relationship with such law enforcement and defendant's credibility in this case." Govt. Motion in Limine #2, ECF No. 42 at 7. In another motion, the government argues: "evidence and argument regarding high-tension interactions between law enforcement and [Ms. Brown] protesting immigration actions generally is entirely irrelevant to whether defendant intentionally and forcibly assaulted Z.C. in this case."[3] Govt. Motion in Limine #3, ECF No. 44 at 3. Which is it?

---

[1] *United States v. Cynthia Raygoza*, 2:25-CR-780-SVW-2.

[2] The government indicated it would introduce the 404(b) evidence through five witnesses: Homeland Security Investigations Special Agent Robert M. Kurtz III, U.S. Immigration and Customs Enforcement Agent R.H., Baldwin Park Police Department Officer Janae Moreno, Baldwin Park Police Department Officer Steven Arroyo, and Homeland Security Investigations Computer Forensics Analyst Sean McPherson.

[3] The videos in question depict Ms. Brown--not civilians generally--being assaulted by DHS and LAPD during protests.

2

1   Relatedly, if Ms. Brown chooses to testify in her defense, the Court should
2   preclude the government from questioning her about the August 28 incident. Such
3   questions would be unduly prejudicial under Rule 403, and more importantly, violate
4   her Fifth Amendment right against self-incrimination.
5   For the reasons explained herein, the 404(b) evidence should be excluded.

## II. FACTUAL BACKGROUND

On August 2, 2025, Ms. Brown was arrested while protesting ICE enforcement actions outside of the Roybal Federal Building. The government alleges that Ms. Brown forcibly assaulted Officer Z.C. by punching his left arm and left side. Ms. Brown was released on bond with conditions, including that she stay 100 feet away from federal buildings and federal officers. Ms. Brown complied with those conditions.

On August 28, 2025, Ms. Brown was in her car, along with Ms. Raygoza and Ms. Samane, in downtown Los Angeles.[4] While driving on a public road, they observed an unmarked vehicle suspected to be ICE enforcement. It was approximately 12:30 p.m. With the intent to legally observe ICE enforcement in the community, and unaware that R.H. was driving to his personal residence, they began to monitor the vehicle's movements. They maintained a distance and followed the ICE vehicle on the public roads.

R.H. turned into a residential neighborhood in Baldwin Park. The women parked several houses away, in a driveway down the street, and continued observing. Ms. Brown stayed at her vehicle. One of the women exited the vehicle, holding her phone and recording, and approached the unmarked ICE enforcement vehicle. *See* Exhibit D to Govt. Motion in Limine #2. At some point, R.H. got into his personal vehicle and drove to where Ms. Brown was parked. He stopped his vehicle in the driveway,

---

[4] Defense counsel presents this background, for the Court's consideration, based on her investigation and belief to date. The government has not yet provided discovery in the case of *United States v. Cynthia Raygoza et al*, 2:25-CR-780-SVW-2.

3

1  blocking Ms. Brown's vehicle from leaving. Ms. Brown did not engage with R.H. *See*
2  *generally id.*
3      R.H. called 911 and Baldwin Park Police arrived. R.H. reported that Ms.
4  Raygoza had assaulted him. Ms. Raygoza was cited for battery and later released. Ms.
5  Brown and Ms. Samane were questioned and released on scene.
6      The government alleges Ms. Brown and her co-defendants announced R.H.'s
7  home address on social media with the intent to intimidate him, and have charged them
8  with conspiracy to publicly disclose the personal information of a federal agent and
9  publicly disclosing the personal information of a federal agent. Defense counsel has
10  requested the government to produce the videos referenced in the Indictment and the
11  government's 404(b) letter.[5] The videos have not yet been produced to the defense.

## III. ARGUMENT

**A.  Evidence of the Alleged Doxing is Inadmissible Under Rule 404 Because It is Not Sufficient Similar to the Charged Conduct and Constitutes Impermissible Propensity Evidence.**

16      The Federal Rules of Evidence broadly prohibit the use of evidence to prove that
17  a defendant in a criminal case acted in conformity with her past behavior. Fed. R. Evid.
18  404(a)(1). Rule 404(b) codifies a narrow exception to this general prohibition, allowing
19  admission of other-acts evidence adduced for non-propensity purposes, such as proving
20  "motive, opportunity, intent, preparation, plan, knowledge, identity or absence of
21  mistake or accident." Fed. R. Evid. 404(b)(2).
22      The Ninth Circuit has "repeatedly emphasized that extrinsic act evidence is not
23  looked upon with favor," due to "the underlying premise of our criminal system, that
24  the defendant must be tried for what he did, not for who he is." *United States v.*

---

[5] The defense has requested, but not received, the livestreamed video from "defendmesoamericanculture," "ice_out_ofla" "corn_maiden_design," the recordings of female voices heard speaking within the car, and the videos posted to social media showing the defendant telling BPPD officers the black sedan is hers, referenced in the government's 404(b) letter. Assuming these videos exist, and the government has viewed them, they should be disclosed to the defense.

*Vizcarra-Martinez*, 66 F.3d 1006, 1013-14 (9th Cir. 1995) (citing *United States v. Bradley*, 5 F.3d 1317, 1320 (9th Cir. 1993)); *see also United States v. Garcia-Orozco*, 997 F.2d 1302, 1304 (9th Cir. 1993) (citing *United States v. Hodges,* 770 F.2d 1475, 1479 (9th Cir. 1985)) (instructing that "[t]he use of evidence pursuant to this rule 'must be narrowly circumscribed and limited.'"). Guided by this concern, the Ninth Circuit has crafted a four-part test for 404(b) admissibility under which "evidence of prior acts and crimes must: (i) prove a material element of the crime currently charged; (ii) show similarity between the past and charged conduct; (iii) be based on sufficient evidence; and (iv) not be too remote in time." *See, e.g.*, *United States v. Hinton*, 31 F.3d 817, 822 (9th Cir. 1994), *cert. denied* 513 U.S. 1100; *see also United States v. Charley*, 1 F.4th 637, 647 (9th Cir. 2021). It is the government's burden to satisfy these four criteria. *United States v. Benavides*, 40 F. App'x 418, 419 (9th Cir. 2002).

In criminal cases, the Federal Rules further require that the government articulate the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose. Fed. R. Evid. 404(b)(3)(B). This requires the prosecutor to articulate a relevant "*non-propensity* purpose" for the offered evidence. Advisory Committee Notes, 2020 Amendment. Even if evidence of other acts satisfies the four-part test of Rule 404(b), the government also must show that the danger of undue prejudice is outweighed by the probative value of the evidence in view of the availability of other means of proof. *United States v. Arambula-Ruiz*, 987 F.2d 599, 604 (9th Cir. 1993) (citing Fed. R. Evid. 404(b) Advisory Committee's note).

Here, the government asserts the evidence is admissible because it demonstrates Ms. Brown's motive, intent, and lack of accident. Specifically, the government argues the evidence will "help the jury understand the relationship between defendant and the victim." Govt. Motion in Limine #2, ECF No. 42, p. 7. There is no relationship between Ms. Brown and Z.C. There is nothing to understand. The only issue for the jury to decide is whether Ms. Brown forcibly assaulted Z.C. on August 2, 2025. The government relies on cases where 404(b) is permissible to help the jury understand the

relationship between the defendant and a particular victim when it is the *same* victim, such as in a domestic violence case. *United States v. Berckmann*, 971 F.3d 999, 1004 (9th Cir. 2020). Here, the alleged assault involved Z.C., and the alleged doxing involved R.H.

This case is similar to *United States v. Bettencourt,* 614 F.2d 214 (9th Cir. 1980), a case the Ninth Circuit has referred to as an "example[] of classic character evidence." *Berckmann*, 971 F.3d at 1004 (discussing *Bettencourt*). In *Bettencourt*, the defendant struck a Secret Service Agent and was charged with assault under 18 U.S.C. § 111. *Id.* at 215. Over the defense's objection, the trial court admitted testimony that the defendant had been arrested for interfering with local police officers during a different search at a different time. *Id.* The Ninth Circuit held the admission was erroneous, as the prior act "shed very little light on the defendant's mindset towards the particular Secret Service Agent and smacked of classic propensity: there was 'no rational connection between the two occurrences,' and the testimony was only 'slightly probative of Bettencourt's intent at the time of the alleged crime.'" *Berckmann*, 971 F.3d at 1003 (quoting *Bettencourt,* 614 F.2d at 217).

Here, as in *Bettencourt*, evidence of the interaction with R.H. has no rational connection to the alleged assault against Z.C. This "smack[s] of classic propensity." Evidence of the August 28 interaction with R.H. sheds very little light on Ms. Brown's mindset towards Z.C. on August 2. It is the government's burden to establish the admissibility of 404(b) evidence, and the government has failed to meet its burden here.

The government also fails the four-factor test that it cites for admitting Rule 404(b) evidence: "(1) the evidence tends to prove a material point; (2) the other act evidence is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) the other act is similar to the offense charged." Govt. Motion in Limine #2, ECF No. 42 at 6 (quoting *United States v. Cherer*, 513 F.3d 1150, 1157 (9th Cir. 2008)). Three of these four factors weigh against admitting the Rule 404(b) evidence.

6

With regard to the first factor, Ms. Brown's conduct on August 28 does not "tend[] to prove a material point." It is not material whether Ms. Brown conspired or disclosed the personal information of a federal officer because she is not charged with those activities in this case. She is charged with simple assault. The government's attempt to introduce evidence about crimes charged in a different case involving a different victim is improper propensity evidence that should be excluded under Rule 404(b)(1).

With regard to the third factor, that a grand jury indicted does not mean that Ms. Brown committed the acts charged. It means she has been accused. The government has not adduced evidence sufficient to support that Ms. Brown committed the acts. To date, the defense has received one police report from Baldwin Park Police Department and one video, which depicts Ms. Brown in the background. No videos produced by the government depicts anyone announcing any home addresses. There is insufficient evidence.

With regard to the fourth factor, the "other acts" are not similar to the offense charged. The charged conduct is a forcible assault against Z.C. during a protest. The August 28 conduct does not involve physical contact, but rather verbal and online communications purportedly made by Ms. Brown and two other people. It is unclear exactly what acts and words are attributed to Ms. Brown specifically. And it appears the video and reports received to date that Ms. Brown made no physical contact with R.H. In sum, the government, has failed to meet its burden to establish the admissibility under 404(b).

**B.   Evidence of the Alleged Doxing Should Also be Excluded Under Fed. R. Evid. 403.**

The evidence of the alleged doxing should also be excluded under Rule 403 because its probative value is substantially outweighed the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time. If this 404(b) were admitted, Ms. Brown would effectively be on trial for three crimes instead of one.

Instead of a 1-2 day trial for simple assault, involving three government witnesses, this would turn into a much longer trial about Ms. Brown's assault, doxing, and propensity to break the law because of her animus against law enforcement.

The dangers of confusing the issues, misleading the jury, undue delay, and wasting time are illustrated by the drastically increased number of government witnesses, and likely increased trial estimate, if the Court were to allow the government to present this 404(b) evidence. Any possible probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time.

## IV. CONCLUSION

For the foregoing reasons, Ms. Brown respectfully requests the Court deny the government's Motion in Limine to Admit Evidence Under Federal Rule of Evidence 404(b).

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: October 3, 2025        By  */s/ Erica Choi*
ERICA CHOI
SHANNON COIT
Deputy Federal Public Defenders
Attorney for ASHLEIGH BROWN