CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
ERICA CHOI (Bar. No. 302351)
(E-Mail: Erica_Choi@fd.org)
SHANNON COIT (Bar No. 298694)
(E-Mail: Shannon_Coit@fd.og)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
ASHLEIGH BROWN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ASHLEIGH BROWN.<br><br>Defendant. | Case No. 2:25-cr-00701-FMO<br><br>**ASHLEIGH BROWN'S OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE POST-ASSAULT AND GENERAL PROTEST-RELATED EVIDENCE**<br><br>**Hearing Date:** October 10, 2025<br>**Time:**          2:00 p.m.<br>**Trial Date:**   October 21, 2025 |

1

1  **I.    INTRODUCTION**

2          On August 2, 2025, an officer from the United States Federal Protective Services

3  ("FPS") pointed at Ashleigh Brown in a crowd of protestors and caused a swarm of

4  officers to push and tackle her forcefully and unjustifiably to the ground.  Ms. Brown

5  sustained injuries from these actions.  (*See* Govt. Motion in Limine #3, ECF No. 44,

6  ["Mot."] at Ex. A.)  This assault on Ms. Brown, however, was not unique.  Throughout

7  the summer, officers used force without justification against protestors exercising their

8  First Amendment rights.  (*See id.* at Exs. B-D (videos depicting Ms. Brown's

9  interactions with officers in the days prior to the incident at issue).)  The full account of

10  the events of August 2, including Ms. Brown's injuries, and the days leading up to it

11  are captured on video footage and on camera.  (*Id.* at Exs. A-D.)  The government may

12  not like that its agents engaged in excessive, unjustified force against U.S. citizens,

13  including Ms. Brown, or that these citizens were exercising their legal rights to express

14  their opposition to the ICE immigration raids in Los Angeles when the force was used.

15  But that is not a reason to try to hide this information from the jury. The evidence is

16  relevant to Ms. Brown's defense, including why she was at the Roybal federal building

17  that day, and must be admitted.

18  **II.    ARGUMENT**

19          **A.    Evidence of Ms. Brown's Arrest and her Interactions with**

20                  **Officers Prior to the Incident Are Relevant.**

21          Rule 401 permits the introduction of evidence "having *any* tendency to make the

22  existence of any fact that is of consequence to the determination of the action more

23  probable or less probable than it would be without the evidence" (emphasis added).

24  Evidence that does not meet this definition is inadmissible.  Fed. R. Evid. 402.

25  However, Rule 401 sets a very low threshold for admissibility in framing the bar as

26  "any tendency," rather than a specific, concrete, or direct "tendency." That is because

27

28

the Court must be careful to allow the jury, and not the parties, to act as the final arbiter of fact.

The government claims that Ms. Brown walked by Z.C. and punched him, unprompted, in the "left side and torso." (*See* Govt. Motion in Limine #1, ECF No. 40, at 1, 3 (claiming Ms. Brown "punched" Z.C. and that "Z.C. merely walked by" Ms. Brown.) The defense disputes this claim. Thus, whether the action happened is a question of fact for the jury. The defense may also argue that any actions Ms. Brown took was in response to Z.C's use of force, or use of excessive force, were in self-defense, for the reasons addressed in its opposition to the government's Motion *in Limine* to Exclude Self Defense Arguments.

The fact that federal agents used excessive force in arresting Ms. Brown, as well as in the days leading up to the incident, is relevant here because it shows that the agents, including Z.C., engaged in a *pattern* of excessive force from not only from the moment of first encounter until the very end, but also in the days before the alleged assault. (*See* Mot. at Exs. A-D.) There is no video footage capturing the alleged punch by Ms. Brown to Z.C.'s left side and torso, as such, the issue will come down to a credibility determination of Z.C.'s and the other agents' words. The evidence in dispute is, thus, relevant for at least three important reasons.

First, it is relevant to bias and credibility. The fact that the agents engaged in excessive force against Ms. Brown gives them an incentive to lie, including regarding whether Ms. Brown punched Z.C. as they falsely claim. Z.C. and the agents have an interest in framing Ms. Brown as the aggressor because a finding of excessive, unlawful force can subject them to workplace discipline, social opprobrium, and liability. Because Z.C.'s and the other agents' words will form the basis of the government's case, Ms. Brown must be allowed to undermine their credibility, including with evidence that they have a motive to lie to justify their unlawful actions.

Second, the evidence is relevant because it supports Ms. Brown's defense that she never punched Z.C.  A jury can infer from the fact that the agents used excessive, unlawful force when arresting Ms. Brown and in the days prior to the incident that they were willing to use such force from the onset as the initial aggressors.  The government may disagree with that inference, but the government is not the finder of fact.  It is common sense that videos showing the agents applying excessive force directly to Ms. Brown and others has a "tendency" to show they applied the same force on first contact.  (*See* Mot. at Exs. A-D.)  Z.C. may claim he did not participate in the group beating, but that is a contested issue of fact for the jury to decide.

Lastly, the video of Ms. Brown's arrest refutes the government's claim that Ms. Brown "resisted" arrest.  (Govt. Motion in Limine #1, ECF No. 40., at 3 ("[FPS Officers] attempted to arrest [Ms. Brown], but she resisted.")  The videos of Ms. Brown's arrest show that Ms. Brown is not resisting.  She, in fact, cannot resist because, as the videos show, she is being swarmed by male federal officers who are larger than her in height and build and equipped with riot gear.  (*See also, e.g., id.* (including a still from the surveillance video showing multiple male officers in riot gear).

## B.   Unfair Prejudice, Confusing the Issues, Misleading the Jury, Wasting Time

Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue waste of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

It is understandable why the government does not want the jury to see evidence of its agents' misconduct and learn about the protestors' activities, it hurts their case; but that doesn't make this relevant evidence "*unfairly* prejudicial."  Rather, it makes it all the more relevant and important.  To the extent the Court is concerned about unfair

prejudice, there are alternative approaches it should take instead of exclusion.  First, the Court will, at the parties' request, already be instructing the jury to set aside emotion and bias when deliberating. Rather than exclude the evidence, the Court can invite the government to propose additional limiting instructions to address its (unfounded) concerns.  Second, the Court can allow the government to elicit context for the video footage, as well as the background of the protests, from its witnesses.  If the witnesses did nothing wrong throughout the protests, they should have no trepidation about explaining their actions.

The other Rule 403 reasons for exclusion cited by the government are nonsense. The short video footage of the post-arrest conduct and brief testimony providing context to the protesting in Los Angeles is not going to unduly waste any time, confuse the issues, or mislead the jury.  To the extent the government is genuinely concerned about such issues, it can submit limiting instructions for the Court to review and deliver at the time the evidence is received.

## III.    CONCLUSION

For the foregoing reasons, the defense respectfully requests that the Court deny the government's motion.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: October 3, 2025           By  */s/ Shannon Coit*
_____
Erica Choi
Shannon Coit
Deputy Federal Public Defenders

5