CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
ERICA CHOI (Bar. No. 302351)
(E-Mail: Erica_Choi@fd.org)
SHANNON COIT (Bar No. 298694)
(E-Mail: Shannon_Coit@fd.og)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
ASHLEIGH BROWN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ASHLEIGH BROWN,<br><br>　　　　Defendant. | Case No. CR 2:25-cr-701-FMO<br><br>**ASHLEIGH BROWN'S OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* #1 TO PRECLUDE SELF-DEFENSE ARGUMENTS**<br><br>**Hearing Date:** October 10, 2025<br>**Time:**　　　2:00 p.m.<br>**Trial Date:**　October 21, 2025 |

## I. INTRODUCTION

The prima facie burden to raise a theory of self-defense is exceedingly low, and there is evidence in this case to support such a theory at this early stage of trial. Either Ms. Brown did not know that Officer Z.C. was a federal employee or Officer Z.C. engaged in an excessive use of force. (*See* Declaration of Counsel concurrently filed *in camera* ["Decl."]); *see* 9th Cir. Model Jury Instructions 5.10, 8.3; *United States v. Acosta-Sierra*, 690 F.3d 1111, 1126 (9th Cir. 2012) ("For purposes of Section 111, . . . [an] individual may make out an affirmative defense of self-defense against a federal law enforcement official who uses excessive force in a narrow range of circumstances."). The Court should therefore deny the government's motion, allow Ms. Brown to present such a defense if she chooses, and permit the jury to resolve this factually laden dispute.

## II. LEGAL STANDARD

"[A] defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Mathews v. United States*, 485 U.S. 58, 63 (1988); *United States v. Chi Tong Kuok*, 671 F.3d 931, 947 (2012) ("Factfinding is usually a function of the jury, and the trial court rarely rules on a defense as a matter of law." (internal citation omitted)). "The legal standard is generous [because] a defendant is entitled to an instruction concerning his theory of the case if the theory is legally sound and evidence in the case makes it applicable, even if the evidence is weak, insufficient, inconsistent, or of doubtful credibility. A defendant needs to show only that there is evidence upon which the jury could rationally sustain the defense." *United States v. Houston*, 648 F.3d 806, 816 (9th Cir. 2011) (quoting *United States v. Kayser*, 488 F.3d 1070, 1076 (9th Cir. 2007)). "If there are factual disputes in the record, the court is not permitted to weigh the evidence, make credibility determinations, or resolve conflicts in the proof. If the parties argue competing inferences, the court must draw *all* reasonable inferences in favor of the defendant's [defense] theory." *United States v. Perez-Rodriguez*, 13 F.4th 1, 19 (1st

1

Cir. 2021) (internal quotation marks omitted) (emphasis added); *United States v. Butler*, 2025 WL 621892, at *9 (N.D. Cal. Feb. 26, 2025) ("In making this determination about the adequacy of the *prima facie* case [for self-defense], the evidence is 'construed in the light most favorable' to the defendant." (quoting *United States v. Ehmer*, 87 F.4th 1073, 1130 (9th Cir. 2023))). Thus, when a court considers the sufficiency of a self-defense defense, it "must accept [the defendant's] proffer as true in its entirety." *Kuok*, 671 F.3d at 947.

"It is a defense to the charge [under 18 U.S.C. § 111] if (1) the defendant did not know that [the federal officer] was a federal [officers or employees] . . . , (2) the defendant reasonably believed that use of force was necessary to defend oneself against an immediate use of unlawful force, and (3) the defendant used no more force than appeared reasonably necessary in the circumstances." 9th Cir. Model Jury Instruction 8.3. Alternatively, "[f]or purposes of Section 111, . . . [an] individual may make out an affirmative defense of self-defense against a federal law enforcement official who uses excessive force in a narrow range of circumstances." *United States v. Acosta-Sierra*, 690 F.3d 1111, 1126 (9th Cir. 2012); *United States v. Span*, 970 F.2d 573, 577 (9th Cir. 1992) ("[T]he model instruction [8.3] would be inappropriate in a case where a defendant's theory of the case is self-defense against the use of *excessive* force by a federal law enforcement officer."). "In order to make a prima-facie case of self-defense, a defendant must make an offer of proof as to two elements: (1) a reasonable belief that the use of force was necessary to defend himself or another against the immediate use of unlawful force and (2) the use of no more force than was reasonably necessary in the circumstances." *United States v. Biggs*, 441 F.3d 1069, 1071 (9th Cir. 2006).

For the reasons stated below and in the concurrently filed *in camera* declaration, Ms. Brown meets the incredibly low threshold for a theory of self-defense.

## III.   ARGUMENT

The anticipated evidence at trial meets the low threshold required for Ms. Brown to present a theory of self-defense. The Court should not preclude this defense at this stage of the trial, and the jury should be instructed accordingly if Ms. Brown raises such a defense.

### A.   Ms. Brown Can Either Establish That She Was Not Aware That Officer Z.C. Was a Federal Employee or Officer Z.C. Used Excessive Force.

To bring a theory of self-defense against a charge of assault of a federal employee, Ms. Brown can establish either that she did not know that United States Federal Protective Services ("FPS") Officer Z.C. was a federal officer or employee, or that Officer Z.C. used excessive force against her.

Ms. Brown has yet to address either of these issues directly, though evidence in discovery produced by the government addresses both of these issues. Nonetheless, Ms. Brown is not required to reveal every detail of her theory of defense to the government, and courts have long considered offers of proof made *in camera*. *See, e.g., United States v. Peltier*, 693 F.2d 96, 97-98 (9th Cir. 1982) (per curiam) (reviewing offer of proof made *in camera* by defendant's counsel below); *United States v. Williams*, 791 F.2d 1383, 1387 (9th Cir. 1986) (reviewing oral and written offers of proof made *in camera* below).

Accordingly, for the reasons stated in the Declaration, the Court should hold that Ms. Brown made a sufficient showing as to at least one of these theories for self-defense and permit Ms. Brown to raise the appropriate theory of self-defense at trial.

### B.   There Is Sufficient Evidence to Establish that Officer Z.C. Used Unlawful Force.

Assuming Ms. Brown used force against Officer Z.C., under both theories of self-defense, Ms. Brown needs to establish only that a reasonable jury *could* find that she had a "reasonable belief that the use of force was necessary to defend [herself] or

3

another against the immediate use of unlawful force." *See* 9th Cir. Model Instructions Nos. 5.10, 8.3.

First, for assessing reasonableness of a defendant's belief, it "is not assessed in the abstract. Rather, any assessment of the reasonableness of a defendant's actions must take into account the defendant's particular circumstances, at least to a certain extent." *United States v. Lopez*, 913 F.3d 807, 819-20 (9th Cir. 2019) (quoting *United States v. Nwoye*, 824 F.3d 1129, 1137 (D.C. Cir. 2016); *see also id.* (discussing "reasonableness" in the self-defense and duress context). And when assessing the reasonableness of Ms. Brown's actions in this case, her individual circumstances and past experiences with federal agents during the protests contribute to her state of mind and reasonableness of her actions. (*See also* Decl. at 6-7); *see, e.g., Nwoye*, 824 F.3d at 1138 ("Our conclusion is further supported by the decisions of the vast majority of courts that have long held that expert testimony on battered woman syndrome can be relevant in the [] context of self-defense."). Further, Ms. Brown's reasons for being at the Roybal Federal Building that day to exercise her First Amendment rights and observe officers' responses to other protestors would also contribute to her state-of-mind for self-defense. (*See* Decl. at 6); *United States v. Saenz*, 179 F.3d 686, 689 (9th Cir. 1999) (reversing conviction where district court improperly excluded evidence relating to defendant's state of mind for purpose of his self-defense theory). A jury could consider any, or all, of these factors when determining Ms. Brown's state of mind to find she had a reasonable belief that using force was necessary. *See id.*

Second, there are facts that exist that contradict the government's claim that Officer Z.C. was not using force against Ms. Brown or another at the time she allegedly punched him. (*Compare* Govt. Motion in Limine #1, ECF No. 40, at 2-3 *with* Decl. at 4-5, 7).) These facts, along with the defense's evidence about Ms. Brown's state-of-mind, creates a factual dispute that the jury, not the Court, must resolve. *See Chi Tong Kuok*, 671 F.3d at 947 ("Factfinding is usually a function of the jury, and the trial court rarely rules on a defense as a matter of law."). If the Court requires additional evidence

4

for Ms. Brown to meet the low threshold of a prima facie case, Ms. Brown can supplement the declaration in support of this Motion.

Because the threshold is so low for a theory of self-defense, and because all inferences must be drawn in her favor, Ms. Brown has made a sufficient showing that "reasonable belief that the use of force was necessary to defend [herself] or another against the immediate use of unlawful force." 9th Cir. Model Instructions Nos. 5.10, 8.3.

### C.  Ms. Brown Did Not Use More Force Than Necessary.

Evidence in this case supports that, if Ms. Brown used any force against Officer Z.C., she did not use any more force than necessary. (*See* Decl. at 6, 7-8.) Ms. Brown can meet her burden on this final prong for a theory of self-defense. *See* 9th Cir. Model Instructions Nos. 5.10, 8.3.

There are no injuries in this case to Z.C. The government does not claim he sustained any injury, nor is there any medical records, pictures, or videos showing any mark, scratch, or cut due to the single punch that Ms. Brown allegedly delivered. (*See id.*) For these reasons, and the reasons stated in the declaration, Ms. Brown has made a prima facie showing that she did not use more force than was necessary, and the Court should not exclude a self-defense defense at this stage.

### D.  Nothing Requires Ms. Brown to Make an Offer of Proof to the Government and the Government's Response to Ms. Brown's Proffered Evidence Is Irrelevant to the Court's Analysis.

As a final point, Ms. Brown is required to make an offer of proof for self-defense to the Court, not the government, and any response the government may have to Ms. Brown's offer of proof is not relevant to the Court's analysis. *See United States v. Perez-Rodriguez*, 13 F.4th 1, 19 (1st Cir. 2021) ("If the parties argue competing inferences, the court must draw *all* reasonable inferences in favor of the defendant's [defense] theory." (emphasis added); *Kuok*, 671 F.3d at 947 ("[A court] must accept [the defendant's] proffer as true in its entirety."); *Butler*, 2025 WL 621892, at *9

(holding a defendant met his low burden to establish a prima facie case for self-defense and explaining that, for a "*prima facie* case [of self-defense], the evidence is 'construed in the light most favorable' to the defendant" (quoting Ehmer, 87 F.4th at 1130))). That is because the Court must draw *every* reasonable inference in favor of Ms. Brown. *Id.* In fact, the government implicitly concedes this point because it fails to cite a single case, or other authority, demanding otherwise. As discussed above, this "legal standard is generous [because] a defendant is entitled to an instruction concerning his theory of the case if the theory is legally sound and evidence in the case makes it applicable." *Houston*, 648 F.3d at 816. This applies "even if the evidence is weak, insufficient, inconsistent, or of doubtful credibility." *Id.* ("A defendant needs to show only [the court] that there is evidence upon which the jury could rationally sustain the defense.").

Accordingly, this Court should determine whether Ms. Brown has met her low burden to establish a prima facie case for self-defense based on the information and argument included in this instant opposition and the *in camera*-filed declaration.

## IV.  CONCLUSION

Ms. Brown can meet the incredibly low threshold burden for a prima facie showing of the elements of self-defense. The Court should deny the Government's Motion *In Limine* No. 1 and refuse to exclude a theory of self-defense at trial.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: October 3, 2025        By  */s/ Shannon Coit*
                                  Erica Choi
                                  Shannon Coit
                                  Deputy Federal Public Defenders