BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
LAUREN E. BORDER (Cal. Bar No. 327770)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-8231
    Facsimile: (213) 894-0141
    E-mail:   lauren.border@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-cr-00701-FMO |
|---|---|
| Plaintiff, | GOVERNMENT'S REPLY IN SUPPORT OF MOTION *IN LIMINE* #1 TO PRECLUDE SELF-DEFENSE ARGUMENTS |
| v. | |
| ASHLEIGH BROWN, | Hearing Date: October 10, 2025<br>Time: 2:00 p.m.<br>Location: Courtroom of the Hon. Fernando M. Olguin |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Lauren E. Border, hereby files its reply in support of its motion in limine to preclude defendant from raising a self-defense theory at trial.

/ /

/ /

/ /

This reply is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 6, 2025         Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney

JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division

         /s/
LAUREN E. BORDER
Assistant United States Attorneys

Attorney for Plaintiff
UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

No prima facie case currently exists to permit defendant to raise self-defense arguments at trial.  Notwithstanding this lack of evidence, defendant apparently intends to introduce self-defense language and arguments into the trial in an effort to appeal to the sympathy of the jury.  At this stage, outside of what has been produced in discovery, the government is not privy to any additional evidence that could justify these arguments.  Such efforts to backdoor arguments into this trial that are unsupported by the record should be foreclosed.

Defendant cannot establish self-defense as a matter of law due to the undisputable and objective video evidence in this case, regardless of any arguments that have been presented to this Court in camera.  Where a defendant has no evidence supporting each element of self-defense, no amount of pointing to the defendant's rights at trial can manufacture a self-defense claim where there is none. Ninth Circuit precedent clearly requires the defendant to make a prima facie showing to present such a defense to the jury.  Because defendant has not, she cannot.

**II.   ARGUMENT**

**A.   The Government's Motion Is Proper and Supported by Ninth Circuit Precedent.**

The government does not dispute a defendant's constitutional right to present a complete defense.  However, this right does not entitle a defendant to present legally unsupported defenses or to proceed with defenses for which no reasonable jury could find in her favor.  The Ninth Circuit's controlling cases are clear: a defendant

must first proffer prima facie evidence supporting each element of an affirmative defense such as self-defense before the issue may be presented to the jury. See United States v. Cramer, 532 F. App'x 789, 791 (9th Cir. 2013) (upholding preclusion of self-defense theory as a matter of law where video evidence was to the contrary); United States v. Biggs, 441 F.3d 1069, 1071 (9th Cir. 2006) (noting a defendant "must make an offer of proof" regarding self-defense). This gatekeeping function is essential to avoid wasting judicial resources and confusing the jury with legally invalid defenses. The government's motion is consistent with these judicial responsibilities and is neither premature nor improper.

**B.  Defendant Cannot Establish a Prima Facie Case of Self-Defense Under the Law.**

In light of the evidence presented to the Court in support of the government's motion in limine, defendant cannot credibly dispute she cannot establish any of the three essential elements of self-defense under the Ninth Circuit Model Jury Instruction 8.3.

First, defendant knew that Z.C. is a federal officer. Defendant voluntarily attended a demonstration protesting federal law enforcement and encountered Z.C. in a uniform clearly marked "Homeland Security." (See Gov't Ex. A.) It is completely incredible for defendant -- an experienced protestor with tens of thousands of followers on her anti-ICE social media page -- to claim she did not know Z.C. was a member of federal law enforcement. The record thus shows that she knew or should have known that Z.C. is a federal officer, negating element one. See United States v. Streit, 962 F.2d 894, 898 (9th Cir. 1992), as amended (Apr. 23, 1992) (upholding preclusion of self-defense theory where the "record contain[ed] ample

2

evidence indicating that the men clearly identified themselves as FBI agents . . . .").

Second, defendant did not have a "reasonable" belief that use of force was necessary to defend herself against an immediate use of "unlawful force."  Even if defendant subjectively believed based on prior experiences with law enforcement (that did not even involve Z.C.) that she or another protestor – Jonathan Redondo-Rosales – were being "attacked" by Z.C., defendant cannot show she had a "reasonable belief" that use of force was necessary, because the standard is an objective one.  See United States v. Acosta-Sierra, 690 F.3d 1111, 1126 (9th Cir. 2012) (upholding exclusion of mental health evidence in support of self-defense theory that defendant had honest belief federal officials were trying to poison and kill him at the time of the assault, because "it would not have supported the proposition that his actions were objectively reasonable").  And as the video footage shows, Redondo-Rosales was lawfully detained after he threw himself on top of a government vehicle and struck Z.C.  (See Gov't Ex. C.)  Moreover, the footage shows no use of unlawful or excessive force by Z.C. or any immediate threat to defendant's physical safety that would justify striking Z.C.  Even if defendant alleges her subsequent arrest involved excessive force, that is irrelevant because it occurred after defendant assaulted Z.C., and Z.C. undisputably played no part in her arrest. (See Gov't Exs. A, B.)

Third, defendant used more force against Z.C. than was reasonably necessary under the circumstances.  Indeed, it was defendant who was the aggressor when she hit Z.C. unprompted as he tried to walk by her.  As the video clearly shows, Z.C. did not

3

strike or attempt to strike defendant, gesture or posture towards her, or even acknowledge her presence. He simply walked by her. Put simply, as a matter of law, hitting Z.C. was not proportional. See, e.g., United States v. Swint, 566 F. App'x 618, 619 (9th Cir. 2014) (finding that, in light of videotape evidence, "district court did not err in refusing to instruct the jury on self-defense because [defendant] failed to make out a prima facie case of self-defense"); United States v. McNeal, 765 F. App'x 193, 194 (9th Cir. 2019) (theory of self-defense is foreclosed where one is the aggressor).[1]

### III. CONCLUSION

In light of the video evidence and objective standards that govern self-defense, the defendant cannot proffer legally sufficient evidence to permit the affirmative defense to be presented at trial, regardless of what has been submitted in camera. Accordingly, the government respectfully requests that the Court grant its motion in limine and preclude defendant from arguing or presenting a self-defense theory at trial.

---

[1] For the reasons stated in the government's motion in limine, defendant also cannot make out an affirmative defense of self-defense against Z.C. for excessive force because (1) Z.C. did not act in bad faith; (2) defendant did not have a reasonable belief that the use of force was necessary to defend herself against the immediate use of unlawful force; and (3) defendant did not use no more force than was reasonably necessary in the circumstances.