BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
LAUREN E. BORDER (Cal. Bar No. 327770)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-8231
    Facsimile: (213) 894-0141
    E-mail:    lauren.border@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ASHLEIGH BROWN,<br><br>    Defendant. | No. 2:25-cr-00701-FMO<br><br>GOVERNMENT'S REPLY IN SUPPORT OF MOTION *IN LIMINE* #2 TO ADMIT EVIDENCE UNDER FED. R. EVID. 404(b)<br><br>Hearing Date: October 10, 2025<br>Time:        2:00 p.m.<br>Location:    Courtroom of the Hon. Fernando M. Olguin |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Lauren E. Border, hereby files its Reply in Support of its Motion In Limine #2 to Admit Evidence Under Federal Rule of Evidence 404(b).

/ /

/ /

/ /

This reply is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 6, 2025          Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney

JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division


           /s/
LAUREN E. BORDER
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

The August 28 incident of defendant doxxing a federal law enforcement officer by following him to his home and live-streaming his address on social media with two other co-conspirators satisfies the Ninth Circuit's four-part test for Rule 404(b) evidence. See United States v. Cherer, 513 F.3d 1150, 1157 (9th Cir. 2008) ((1) the evidence tends to prove a material point; (2) the other act evidence is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) the other act is similar to the offense charged). Defendant fails to rebut this.

**I.   ARGUMENT**

First, the evidence of defendant doxxing a federal law enforcement agent tends to prove a material point. The government must prove beyond a reasonable doubt at trial that defendant "forcibly assaulted" a federal officer. See Ninth Circuit Model Criminal Jury Instructions, No. 8.1 (2022 ed.). The August 28 incident is admissible to show defendant's motive, intent, recent animus towards law enforcement, and lack of accident when she struck Z.C. on August 2, 2025. This additional evidence demonstrating defendant's animosity towards federal law enforcement makes it significantly more likely the jury will not believe defendant if she claims she did not hit Z.C., hit him by accident, or hit him in self-defense.[1] It is true, as defendant states, that defendant "is not

---

[1] The defense argues that "if Ms. Brown chooses to testify in her defense, the Court should preclude the government from questioning her about the August 28 incident" because such questions would be "unduly prejudicial under Rule 403[] and . . . violate her Fifth Amendment right against self-incrimination." (Opp. 3.) The
*(footnote cont'd on next page)*

charged with those activities in this case." (See dkt. 57 ("Opp.") at 7.) That is also true of all Rule 404(b) "other acts" evidence, and does not change the fact that it is crucial to evaluating defendant's credibility.[2]

Second, defendant does not contest that the August 28 incident, which occurred only a few weeks after the assault charged in this case, is not too remote in time. (See generally Opp.)

Third, an indictment by a grand jury finding probable cause is more than sufficient to satisfy the Ninth Circuit's requirement that there is adequate evidence to support a finding that defendant committed the acts. An indictment is even more indicative than an arrest based on probable cause, which is routinely admitted under Fed. R. Evid. 404(b). See, e.g., United States v. Bailey, 696 F.3d 794, 801 (9th Cir. 2012) (agreeing that "courts permit evidence of prior arrests"). Further bolstering that there will be adequate evidence to support a finding defendant committed the acts at issue, the events were video-recorded and the government has subpoenaed

---

government, however, has a good-faith basis for asking questions about the doxxing incident, particularly because she lied about the encounter with Baldwin Police Department to Pretrial Services in violation of her bond in this case and the encounter demonstrates her bias against federal law enforcement officials that could serve as an incentive to lie on the stand. See Fed. R. Evid. 608(b). The Fifth Amendment also does not prevent the government from asking defendant questions about her unlawful conduct; rather, defendant can take the stand and plead the Fifth Amendment to incriminating questions if she so chooses. See id.

[2] The defense claims the government is taking "inconsistent positions" regarding the admissibility of defendant's interactions with law enforcement. (Opp. 2 (comparing Government motions in limine #2 and #3).) Not so. The August 28 incident is relevant to proving defendant's intent to hit Z.C. and admissible under Fed. R. Evid. 404(b). Defendant's attempt to include at trial photos and videos of her alleged injuries from her arrest and inflammatory protests that do not involve Z.C. have nothing to do with the elements of the offense under 18 U.S.C. § 111(a)(1).

police officers and the victim (R.H.) to testify to the relevant events at trial if necessary.[3]

Fourth, the doxxing of R.H. is substantially similar to the assault of Z.C. While the defense points out that the "August 28 conduct does not involve physical contact" (Opp. 7) against R.H. like the alleged assault against Z.C., both are crimes defendant committed against federal law enforcement in the context of unlawful reactions to recent immigration actions in Los Angeles. As captured on video, defendant and her co-conspirators verbally harass and intimidate R.H. throughout the encounter because of his line of work; just as how she struck Z.C. because he was a law enforcement officer near where a fellow protestor was detained. Indeed, defendant's assault of a civilian would arguably be less probative of the charge in this case than the doxxing conduct against a federal officer alleged in the felony indictment.

Defendant's cited cases do not dictate a contrary result. In United States v. Bettencourt, 614 F.2d 214 (9th Cir. 1980), the defendant did not argue accident, self-defense, or excessive force, and the Circuit suggested the outcome may have been different if the government "claim[ed] that [defendant] was engaged in a continuing pattern or practice of assaulting police officers." Bettencourt, 614 F.2d at 217 (prior act evidence only "tended to prove a turbulent or quarrelsome disposition" that was not relevant to the charged case and occurred two years earlier); see also United States v. Charley, 1 F.4th 637, 653 (9th Cir. 2021) (Butamay, J., concurring) ("[s]o long

---

[3] The government is actively working on disclosing the videos it intends to use in its case-in-chief to defendant pursuant to Federal Rule of Criminal Procedure 16 and, if applicable, under 18 U.S.C. § 3500.

3

as the other acts evidence is introduced to help the jury understand the relationship between the defendant and a particular victim, and not to characterize the defendant as someone who has a propensity to be violent, the evidence is admissible") (cleaned up); United States v. Berckmann, 971 F.3d 999, 1002 (9th Cir. 2020) (prior assaults admissible to show "grudge" between the defendant and the victim). The August 28 incident helps define the relationship between defendant and Z.C. because it helps define defendant's mindset, attitude, and distaste for federal law enforcement officials as one walked by her after her friend was arrested.

Finally, the August 28 incident should not be excluded under Fed. R. Evid. 403. While defendant complains admission of this Rule 404(b) evidence would create "a much longer trial" (Opp. 8), the government continues to estimate it would present its case-in-chief over only one to two days. While the government anticipates up to five witnesses to prove the August 28 incident, none of the witnesses are expected to have lengthy direct examinations.[4] And defendant does not face "unfair prejudice" for allowing the jury to evaluate her credibility in light of her repeated unlawful actions against federal law enforcement, which is highly probative of her intent to assault Z.C. See, e.g., United States v. Hankey, 203 F.3d 1160, 1172 (9th Cir. 2000) ("[R]elevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403." (quotations omitted)).

---

[4] Defendant has estimated cross-examination will take only 4 hours total across the five additional witnesses. (See dkt. 54 at 8.) Regardless, the threat of lengthy cross-examinations should not be a deterrent or considered in the Court's analysis.

4

**II.   CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court allow the government to admit evidence regarding the August 28 incident at trial.