BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
LAUREN E. BORDER (Cal. Bar No. 327770)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8231
     Facsimile: (213) 894-0141
     E-mail:    lauren.border@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-cr-00701-FMO |
|---|---|
| Plaintiff, | GOVERNMENT'S REPLY IN SUPPORT OF MOTION *IN LIMINE* #3 TO EXCLUDE POST-ASSAULT AND GENERAL PROTEST-RELATED EVIDENCE |
| v. | |
| ASHLEIGH BROWN, | Hearing Date: October 10, 2025<br>Time:         2:00 p.m.<br>Location:     Courtroom of the Hon. Fernando M. Olguin |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Lauren E. Border, hereby files its reply in support of its motion in limine to exclude under Federal Rules of Evidence 401, 402, and 403 (1) any testimony or argument regarding how defendant was arrested, or photographs and similar evidence purporting to show defendant's alleged injuries from the arrest, and (2) videos and evidence regarding interactions between law enforcement and protestors in immigration actions in Los Angeles generally.

This reply is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 6, 2025          Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney

JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division


         /s/
LAUREN E. BORDER
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Evidence and arguments regarding defendant's arrest and prior interactions with federal law enforcement during immigration-related protests simply have no bearing on her guilt. As the government noted in its motion, to convict defendant of the charge in the single-count indictment for violation of 18 U.S.C. § 111(a)(1), the government need only prove: (1) defendant forcibly assaulted a federal officer or employee (victim Z.C.), and (2) defendant assaulted Z.C. while he was engaged in, or on account of, his official duties. Ninth Circuit Model Criminal Jury Instructions, No. 8.1 (2022 ed.). In opposition to the government's motion, defendant offers several half-baked arguments attempting to establish relevance. (See Dkt. 59 ("Opp.").) All fail.

First, defendant argues evidence regarding prior protests is relevant to "why she was at the Roybal federal building that day." (Opp. 2.) But there is no dispute that defendant was at Roybal on August 2, 2025 to protest federal immigration actions within Los Angeles. This does not open the door to defendant introducing irrelevant evidence from her arrest or events from protests days prior.

Second, defendant argues evidence from protests before August 2, 2025 "shows that the agents, including Z.C., engaged in a pattern of excessive force . . . ." (Opp. 3, emphasis in original.) But defendant does not (and cannot) allege that Z.C. is featured in any of the emotionally charged videos of protests that she has produced. (See Exs. B-D to Government Motion in Limine #3.) To impute a pattern of conduct onto Z.C. based on the conduct of other unknown federal

agents[1] is nonsensical and invites speculation that would improperly heighten the government's burden. This would be improper character evidence of an entire agency imputed onto a single officer who did not engage in any documented or known incidents of excessive force. Moreover, it would turn this simple assault trial into a prolonged and unnecessary trial on the actions of unknown law enforcement agents in different contexts to the charged offense. This does not meet the standard of Federal Rules of Evidence 401 and 402 and would be overly prejudicial under Rule 403.

Third, defendant argues "[t]he fact that the agents engaged in excessive force against Ms. Brown gives them an incentive to lie" and is "relevant to bias and credibility." (Opp. 3.) This argument again misses the mark because there is zero evidence Z.C. ever engaged with defendant besides walking past her on August 2, 2025, when defendant hit him as Z.C. escorted a different protestor (Redondo-Rosales) towards the federal building. This argument is only designed to allow the jury to speculate based on no evidence – an argument that has no probative value and substantial prejudicial effect. See, e.g., United States v. Espinoza-Baza, 647 F.3d 1182, 1188-90 (9th Cir. 2011) (upholding exclusion of evidence regarding defendant's grandfather's birthplace in an immigration trial absent proof and leaving only speculation).

Fourth, similar to her other arguments, defendant argues "the evidence is relevant because . . . [a] jury can infer from the fact that the agents used excessive, unlawful force when arresting Ms. Brown and in the days prior to the incident that they were willing to

---

[1] The government does not concede that any of the actions of the officers shown in exhibits B-D were improper.

2

use such force from the onset as the initial aggressors." (Opp. 4.) Once again, defendant cannot simply impute the actions of other officers from days prior onto Z.C. (even if other officers were in fact using excessive force -- an issue the government contests and is not to be determined in this case), as defendant does not allege Z.C. is featured in any of the videos produced.[2] And Z.C. indisputably was not part of defendant's arrest: the video evidence in this case shows Z.C. walking past defendant, pointing to her, and continuing onwards to escort Redondo-Rosales towards the federal building while other agents arrest her. (See Government Motion in Limine #1 Exs. B, C.) As outlined in the government's motion in limine to exclude self-defense arguments, no federal agent was the "initial aggressor[]" (Opp. 4) towards defendant. Defendant cannot argue her way out of the glaring timing issue, which is that any alleged "excessive force" in defendant's arrest occurred after defendant hit Z.C., and is thus irrelevant.

Lastly, defendant argues "the video of Ms. Brown's arrest refutes the government's claim that Ms. Brown 'resisted' arrest." (Opp. 4.) But the government does not plan to introduce any evidence of defendant's resistance to her arrest at trial, nor argue that it demonstrates any of the elements of the charged offense. Indeed, the government's motion seeks to exclude any such post-assault evidence from August 2, 2025 as irrelevant.

---

[2] The government notes that this would constitute other act evidence governed by Federal Rule of Evidence 404(b). The government has not received written notice of the specifics of these encounters and their admissibility under Rule 404(b) outside of defendant's opposition brief.

3

1    It is well-settled, and the defense tacitly agrees, that a
2 defendant has no right to present evidence or argument which invites
3 the jury to acquit for reasons other than the factually based
4 innocence of the offense charged. See United States v. Powell, 955
5 F.2d 1206, 1212-13 (9th Cir. 1991) ("The concept of jury
6 nullification allows the jury to acquit the defendant even when the
7 government has proven its case beyond a reasonable doubt."). Any
8 evidence and argument regarding defendant's arrest and the protests
9 in Los Angeles does just that. More generally, it would also only
10 serve to enflame the jury and run afoul of Fed. R. Evid. 403.[3]
11 Granting the government's motion will allow the Court to avoid making
12 numerous rulings during the trial and will prevent the jury from
13 being inappropriately exposed to these topics, the prejudice from
14 which may not be cured by a limiting instruction. See United States
15 v. Lynch, 903 F.3d 1061, 1079 (9th Cir. 2018) (noting a district
16 court's "duty to forestall" jury nullification) (citation omitted).
17    For the foregoing reasons, the government respectfully requests
18 this Court grant its motion in limine preventing defendant from
19 presenting argument or evidence regarding these inflammatory topics
20 at trial.

---

28  [3] Not only is the proposed evidence unduly prejudicial, but it would also waste time and confuse the jury by introducing evidence of unrelated protests and events, creating a "trial-within-a-trial."

4