CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
ERICA CHOI (Bar No. 302351)
(E-Mail: Erica_Choi)
SHANNON COIT (Bar No. 298694)
(E-Mail: Shannon_Coit@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
ASHLEIGH BROWN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ASHLEIGH BROWN, <br><br> Defendant. | Case No. 2:25-CR-701-FMO <br><br> **REPLY TO GOVERNMENT'S OPPOSITION TO MOTION IN LIMINE TO COMPEL GRAND JURY TESTIMONY TRANSCRIPT(S)** <br><br> **Hearing: October 10, 2025, at 2:00 p.m.** |

Defendant Ashleigh Brown, by and through her attorneys, Erica Choi and Shannon Coit, hereby files her Reply to the government's Opposition to the Motion to Compel Grand Jury Testimony Transcript(s).

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: October 5, 2025        By  */s/ Erica Choi*
                                                                    
ERICA CHOI
Deputy Federal Public Defender
Attorney for ASHLEIGH BROWN

**REPLY**

Defense counsel believes a grand jury proceeding occurred, and no bill was returned, based on the government's prior representations. *See* Declaration of Counsel. Perhaps this is a misunderstanding. Perhaps there was no grand jury proceeding. This can easily be clarified by the government. If the case was never taken to the grand jury, the defense will withdraw its motion to compel. But if witnesses testified before the grand jury and the grand jury decided not to charge Ms. Brown, that testimony is relevant to Ms. Brown's defense under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Gigilo v. United States*, 405 U.S. 150 (1972). This is particularly so if testimony to the grand jury will impeach trial witness testimony that differs, even slightly, in its recitation of the evidence, or if grand jurors asked any questions that bear on guilt. The defense therefore requests production of the grand jury transcript. Alternatively, the government should be ordered to disclose the grand jury transcripts to the Court for an in camera inspection to confirm whether they contain any evidence that is required to be produced under Brady, Rule 16, or otherwise. *See Dennis v. United States*, 384 U.S. 855, 874 (1966).

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: October 6, 2025

By  */s/ Erica Choi*
ERICA CHOI
Deputy Federal Public Defender
Attorney for ASHLEIGH BROWN

2