CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
ERICA CHOI (Bar. No. 302351)
(E-Mail: Erica_Choi@fd.org)
SHANNON COIT (Bar No. 298694)
(E-Mail: Shannon_Coit@fd.og)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
ASHLEIGH BROWN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ASHLEIGH BROWN.<br><br>Defendant. | Case No. 2:25-cr-00701-FMO<br><br>**ASHLEIGH BROWN'S MOTION TO COMPEL PRODUCTION OF USE OF FORCE MATERIALS**<br><br>**Trial Date:** October 21, 2025<br>**Time:** 2:00 p.m. |

Ashleigh Brown, by and through her attorneys, Erica Choi and Shannon Coit, hereby files this motion to compel use of force materials.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: October 13, 2025      By  */s/ Shannon Coit*

Erica Choi
Shannon Coit
Deputy Federal Public Defenders

1

## I. INTRODUCTION

The government charged Ashleigh Brown with misdemeanor assault of Z.C., a federal officer, under 18 U.S.C. § 111. The parties agree that the government must prove that Z.C. was working within his official duties when the assault occurred, and the Ninth Circuit is clear that the use of excessive force is never within an officer's official duties. The defense requested materials relating to the use of force by officers in Z.C.'s position, because such materials are relevant to Ms. Brown's defenses and for assessing the government witnesses' bias and credibility. And though the government possesses these relevant materials, it has refused to produce them directly to the defense. Instead, it is requiring the defense to review the documents at the U.S. Attorney's Office, effectively making the defense complete its trial preparation at the prosecution's office. The Court should reject this tactic and order the government to produce the use of force materials directly to the defense.

## II. LEGAL STANDARD

The Federal Rules of Criminal Procedure "grant[] criminal defendants a broad right to discovery," *see United States v. Muniz-Jaquez*, 718 F.3d 1180, 1183 (9th Cir. 2013), requiring the government to "disclose any documents or other objects within its possession, custody, or control" that are "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E). While a defendant must make a prima facie showing of materiality, this "is a low threshold" that "is satisfied so long as the information . . . would have helped" the defendant prepare a defense. *See United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013); *see also United States v. Lucas*, 841 F.3d 796, 804 (9th Cir. 2016). Indeed, "[i]nformation is material even if it simply causes a defendant to 'completely abandon' a planned defense and 'take an entirely different path.'" *Hernandez Meza*, 720 F.3d at 768 (quoting *United States v. Doe*, 705 F.3d 1134, 1151 (9th Cir. 2013)).

2

Given this low threshold for materiality, it "behooves the government to interpret the disclosure requirement broadly and turn over whatever evidence it has pertaining to the case." *Id*. And, because "[i]nformation that is not exculpatory or impeaching may still be relevant to developing a possible defense," the production required under Rule 16 is "broader than *Brady*." *United States v. Muniz- Jaquez*, 718 F.3d 1180, 1183 (9th Cir. 2013). The government's "lack of knowledge or even a showing of due diligence won't excuse noncompliance." *Hernandez Meza*, 720 F.3d at 768.

### III. ARGUMENT

The government's refusal to produce the use of force materials to the defense is a litigation tactic aimed at frustrating the defense. The Court should not allow the government to place such a burden on Ms. Brown and order the government to produce these relevant materials directly to her.

In its trial brief, the government admits that it possesses the use of force materials but is limiting the defense's access to the documents by requiring the defense to review the materials at the U.S. Attorney's office. (*See* Gov't Trial Memoranda, ECF No. 54, at 3-4 ("The government has also made documents regarding use of force available for review at the United States Attorney's Office in Los Angeles while the government's motion in limine regarding self-defense remains pending with the Court.")) Effectively, the government is requiring the defense to prepare for trial *at the prosecution's office*. This is a litigation tactic that is not based on the law or facts of this case.

The government justifies withholding production of these materials because it believes these materials are relevant *only* to a potential theory of self-defense relating to excessive force and is waiting for this Court's ruling on its motion *in limine* relating to such a defense. (*See id.*) This position has no merit. First, even if this were true, and a theory of self-defense has no merit, the government should have produced these materials at the outset of this case because it is relevant to the defense's assessment of

3

self-defense. *See, e.g., Hernandez Meza*, 720 F.3d at 768 (quoting *Doe*, 705 F.3d at 1151) ("Information is material even if it simply causes a defendant to 'completely abandon' a planned defense and 'take an entirely different path.'").

Second, as the government concedes, these materials are relevant to determining whether officers used excessive force. But what the government is mistaken about, or what it simply does not want to admit, is that an excessive force determination is relevant to the elements of a section 111 charge, not only self-defense. *See United States v. Span*, 75 F.3d 1383, 1389 (9th Cir. 1996). The parties agree that the second element of a section 111 charge is that the government must prove beyond a reasonable doubt that Ms. Brown "forcibly assaulted" Z.C. "while Z.C. was engaged in, or on account of, his official duties." (Joint Proposed Disputed Jury Instructions, ECF No. 39, at 11, 12 (including in both instructions proposed by the parties the same second element for a section 111 charge)). The Ninth Circuit is clear that, for the second "element of the [section 111] offense[,] *excessive use of force* in the pursuit of official duty is not considered a good faith performance of official duties within the definition of section 111." *United States v. Span*, 75 F.3d 1383, 1389 (9th Cir. 1996) (emphasis added). Thus, whether or not Ms. Brown asserts self-defense, the government must prove Z.C. was not using excessive force against her to prove its case, and any materials relating to the use of force are clearly discoverable.

Courts regularly agree that materials relating to an officer's training and other guidelines are discoverable by the defense. For example, in *United States v. Cedano-Arellano*, the defendant, who was charged with cocaine smuggling, requested the training records for the narcotics detector dog that "alerted" on his vehicle. 332 F.3d 568 (9th Cir. 2003). There, the Ninth Circuit found that such materials were discoverable under Rule 16(a)(1)(E), and agreed that the requested materials were "crucial to [the defendant's] ability to assess the dog's reliability . . . and to conduct an effective cross-examination of the dog's handler." *Id*. at 571; *see also Muniz-Jaquez*,

718 F.3d at 1184 (holding officer dispatch tapes were material to the defendant's defense under Rule 16(a)(1)(E) because the defense could have used the tapes to assess the testifying officer's reliability, and to cross-examine him effectively).

Finally, as argued in the opposition to the government's motion *in limine* No. 3, (ECF No. 59 at 3), the use of force materials are relevant to assessing Z.C.'s and other testifying officers' bias and credibility. The materials will inform the defense about whether officers engaged in excessive force against Ms. Brown after she allegedly "punched" Z.C. and thus created incentive to lie about their actions. Because Z.C.'s and the other officers' words will form the basis of the government's case, Ms. Brown must be allowed to challenge their credibility, including with evidence establishing they engaged in excessive force and have a motive to lie to justify their unlawful actions.

In sum, all materials, including but not limited to manuals, guidelines, memorandum, and other communications, addressing the use of force or excessive use of force are relevant to Ms. Brown's defenses.

## IV. CONCLUSION

The Court should order the government to produce directly any and all use of force materials and communications to the defense.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: October 13, 2025      By  */s/ Shannon Coit*
                                 Erica Choi
                                 Shannon Coit
                                 Deputy Federal Public Defenders

5