## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CR 25-00701-FMO | Date | October 24, 2025 |
|---|---|---|---|
| Title | United States v. Ashleigh Brown | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff: | Attorney Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order Re: Motion to Compel Grand Jury Testimony

    Having reviewed and considered all the briefing filed with respect to defendant's Motion to Compel Grand Jury Testimony (Dkt. 47, "Motion"), the court concludes as follows.

    Rule 6(e)(3)(E)(i) of the Federal Rules of Criminal Procedure allows a court to authorize the disclosure of matters occurring before a grand jury when they are "preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i). "A trial judge should order disclosure of grand jury transcripts only when the party seeking them has demonstrated that a particularized need exists[.]" United States v. Walczak, 783 F.2d 852, 857 (9th Cir. 1986) (internal quotation marks omitted). To establish a particularized need, defendant "must show that the material [she] seeks is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that [her] request is structured to cover only material so needed." Douglas Oil Co. of Cal. v. Petrol Stops Nw., 441 U.S. 211, 222, 99 S.Ct. 1667, 1674 (1979); see also Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 400, 79 S.Ct. 1237, 1241 (1959) (noting that defendant bears the burden of showing that a "particularized need exists" for the disclosure of grand jury transcripts).

    Here, defendant contends that a "particularized need" exists for the disclosure of the grand jury transcripts because: (1) the grand jury's decision to return a no-bill gives rise to a "valid inference" that the transcripts "are unfavorable to the government and favorable to the defense" and likely include Brady and Giglio material, (see Dkt. 47, Motion at 3-4); and (2) the transcripts could be used to impeach trial witnesses if their trial testimony differs from what they provided to the grand jury. (See id. at 4). To support her "inference" that the transcripts contain evidence favorable to the defense, defendant argues that, because certain allegations in the criminal complaint are not supported by the video evidence or witness statements produced by the government, those allegations must have originated from officers who are expected to testify at trial and who presumably provided testimony before a grand jury. (See id. at 2-3). This is insufficient to establish a "particularized need." See Douglas Oil Co. of Cal., 441 U.S. at 222, 99 S.Ct. at 1674; see, e.g., Walczak, 783 F.2d at 857 (denying defendant's motion for grand jury transcripts in part because he failed to allege facts supporting his "particularized need" making it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CR 25-00701-FMO | Date | **October 24, 2025** |
|---|---|---|---|
| Title | **United States v. Ashleigh Brown** | | |

"speculative"); United States v. Ferreboeuf, 632 F.2d 832, 835 (9th Cir.1980) ("Mere unsubstantiated, speculative assertions of improprieties in the proceedings do not supply the particular need required to outweigh the policy of grand jury secrecy.") (internal quotation marks omitted).

    The disclosure of grand jury transcripts for impeachment purposes is also governed by the Jencks Act ("Act"), 18 U.S.C. § 3500.  In simple terms, the Jencks Act "prohibits the pre-trial discovery of statements made by prospective government witnesses." United States v. Griffin, 659 F.2d 932, 936 (9th Cir. 1981); see 18 U.S.C. § 3500(a) ("In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.").  However, after a government witness testifies at trial, "the Act requires that the government produce upon demand any available statement made by the witness which relates to the subject matter of such witness's testimony at trial." Griffin, 659 F.2d at 936; see 18 U.S.C. § 3500(b).  The Act defines "statement" to include a transcript of a witness's testimony before a grand jury.  See 18 U.S.C. § 3500(e)(3).

    Defendant asserts that Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194 (1963) and Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763 (1972) override the requirements of the Jencks Act.[1] (See Dkt. 47, Motion at 4).  Notably, defendant only cites decisions from other circuits to support this assertion.  (See id.).  In the Ninth Circuit, however, "[w]hen the defense seeks evidence which qualifies as both Jencks Act and Brady material, the Jencks Act standards control." United States v. Alvarez, 358 F.3d 1194, 1211 (9th Cir. 2004); see also United States v. Diaz, 2008 WL 360582, *1 (N.D. Cal. 2008) ("[T]he government would be within its rights in withholding Jencks Act

---

    [1] Even assuming, arguendo, that defendant seeks non-Jencks Act statements, defendant's argument also fails under Brady and Giglio.  Under Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97 (1963), "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution."  In Giglio v. U.S., 405 U.S. 150, 154, 92 S.Ct. 763, 766 (1972), "the Supreme Court extended this principle to include evidence that impeaches a witness's credibility." United States v. Kohring, 637 F.3d 895, 901 (9th Cir. 2011); see Ayala v. Chappell, 829 F.3d 1081, 1106 (9th Cir. 2016) (evidence favorable to a defendant "includes evidence that would help a defendant impeach prosecution witnesses.").  To establish a Brady or Giglio violation, a defendant must show:  "(1) the evidence at issue is favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence was suppressed by the government, regardless of whether the suppression was willful or inadvertent; and (3) the evidence is material to the guilt or innocence of the defendant." United States v. Sedaghaty, 728 F.3d 885, 899 (9th Cir. 2013).  For the reasons discussed above, defendant fails to show under Brady or Giglio that the grand jury transcripts are favorable or material to her defense.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CR 25-00701-FMO | Date | **October 24, 2025** |
|---|---|---|---|
| Title | **United States v. Ashleigh Brown** | | |

statements until after the witness testifies on direct[,] and this would be so even if the Jencks Act statements contain Brady information. District courts in this circuit have no authority to override strict observance of the Jencks Act."); United States v. Bararia, 2013 WL 3353343, *7 (D. Nev. 2013) ("[T]he Court does not have the authority to require the Government to disclose statements governed by the Jencks Act . . . prior to the witness's direct testimony at trial or a hearing. This includes Brady/Giglio information that may be contained in such statements."). Thus, the Jencks Act bars disclosure of any grand jury testimony prior to trial.

    Based on the foregoing, IT IS ORDERED THAT defendant's Motion **(Document No. 47)** is **denied without prejudice**.

                              Initials of Preparer      vdr