BILAL A. ESSAYLI
Acting United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
CLIFFORD D. MPARE (Cal. Bar No. 337818)
Assistant United States Attorney
Major Crimes Section
LAUREN E. BORDER (Cal. Bar No. 327770)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4962 / 8231
    Facsimile: (213) 894-0141
    E-mail:  clifford.mpare@usdoj.gov
             lauren.border@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>                v.<br><br>ASHLEIGH BROWN,<br><br>                Defendant. | No. 2:25-cr-00701-FMO<br><br>GOVERNMENT'S EX PARTE APPLICATION FOR AN ORDER SETTING TRIAL DATE AND FINDING EXCLUDABLE TIME UNDER THE SPEEDY TRIAL ACT; MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED] ORDER |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Clifford D. Mpare and Lauren E. Border, hereby requests this Court issue an order setting the trial date and making findings of excludable time under the Speedy Trial Act, 18 U.S.C. § 3161 ("STA"), as for defendant ASHLEIGH BROWN ("defendant").  The government specifically requests that the Court set the trial in this matter for **November 12, 2025.**

Alternatively, if the Court is not available on November 12, the government does not oppose transfer of the case to another district judge. The defense opposes this ex parte application and has informed the government that it is defendant's position that the T-Max date is November 4, 2025.

This ex parte application is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 22, 2025

Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

        /s/
LAUREN E. BORDER
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Trial was initially set in this matter for October 21, 2025. On September 26, 2025, the parties filed several motions in limine, most of which remain pending. The Court held a pretrial conference on October 10, 2025, and informed the parties that trial would not go forward on October 21, 2025, and that the Court would issue an order at a later date continuing the trial date.[1] On October 13, 2025, defendant filed a motion to compel the production of use of force materials, which also remains pending. The Court has not yet set a trial date in this matter.

Through this application, the government respectfully requests the Court set trial for November 12, 2025, and find the time period of September 26, 2025, through October 10, 2025, excludable under the Speedy Trial Act, 18 U.S.C. § 3161 ("STA"). If the Court is not available on November 12, the government does not oppose transfer of the case to another district judge.

**II.  BACKGROUND**

The Complaint in this matter was filed on August 4, 2025. (Dkt. 1.) Defendant was initially released on bond in this matter, but her bond was revoked due to her felony indictment for doxxing a federal agent in Case No. 2:25-cr-00780-SVW. Defendant is thus detained pending trial in the felony case, which is currently set for trial on November 18, 2025, before the Honorable Stephen V. Wilson. Defendant has not waived her rights under the Speedy Trial Act in either case.

---

[1] At the conference, AUSA Mpare informed the Court that he is unavailable to try this case between November 4-10, 2025.

On September 2, 2025, the Court set an October 21, 2025 trial date in this case. (Dkt. 29.)  The parties filed a total of five motions in limine on September 26, 2025.  (Dkts. 40-48.)  On September 30, 2025, in response to the Court's order, the government filed a notice of T-Max calculation originally stating trial must commence by November 4, 2025, which did not take into account the pending motions.  (Dkt. 50.)

On October 10, 2025, the Court held a pretrial conference and informed the parties it would issue an order at a later date continuing the trial date.  (Dkt. 70.)  Defendant filed a motion to compel the production of use of force documents on October 13, 2025, which remains pending.  (Dkt. 69.)  The Court has not ruled on the parties' five motions in limine except for defendant's motion to compel grand jury testimony, which the Court denied without prejudice.  (Dkt. 80.)

On October 17, 2025, the Court issued a minute order vacating the trial set for October 21, 2025. (Dkt. 78.)  The Court has not yet set a trial date.

**III. ARGUMENT**

The Speedy Trial Act generally requires a trial to begin within 70 days of indictment or initial appearance, whichever occurs later, 18 U.S.C. § 3161(c)(1), and entitles the defendant to dismissal of the charges (with or without prejudice) if that deadline is not met. 18 U.S.C. § 3162(a)(2).  Certain periods of time, however, are automatically excluded from the STA's trial clock, including delay: (1) "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt

4

disposition of, such motion;" and (2) "reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. §§ 3161(h)(1)(D), (h)(1)(H).

The excludability of pretrial motion delay is "automatic" and does not require findings by the Court. United States v. Pete, 525 F.3d 844, 852 (9th Cir. 2008) ("We now hold that . . . for pretrial motions, . . . the exclusion is automatic."); United States v. Stubblefield, 643 F.3d 291, 295 (D.C. Cir. 2011) ("exclusion provided [for pretrial motions] is 'automatic,' and applies 'without district court findings'"). "[W]hen a pretrial motion requires a hearing[,] [3161(h)(1)(D)] on its face excludes the entire period between the filing of the motion and the conclusion of the hearing," Henderson v. United States, 476 U.S. 321, 329 (1986), "whether or not [the] delay in holding that hearing is 'reasonably necessary.'" Id. at 330. The automatic excludability of time extends to pretrial motions such as motions in limine. See, e.g., United States v. Williams, No. 3:13-CR-00764-WHO-1, 2017 WL 4877131, at *6 (N.D. Cal. Oct. 30, 2017).

At minimum, the 14 days between September 26, 2025 (the date the parties filed their motions in limine) and October 10, 2025 (the date the Court held the pretrial conference) should be excluded from the Speedy Trial Act under 18 U.S.C. §§ 3161(h)(1)(D), (h)(1)(H).[2] Because the Court mentioned, but did not rule on, the motions in limine at the October 10 pretrial conference, and defendant's motion to compel the production of use of force documents filed October 13, 2025 remains pending, the government also reserves the right to argue

---

[2] If these two weeks are excluded under the STA, the new T-Max is November 18, 2025.

at a future date that the time period from September 26, 2025 through at least the date of this filing is excludable under the STA.

The government respectfully requests that the Court continue trial to November 12, 2025.  Counsel for the government was recently informed by one of its essential out-of-state law enforcement witnesses that through standard protocols, it takes approximately two weeks to arrange for travel for this trial.  Additionally, as the government informed the Court at the pretrial conference, AUSA Mpare is not available to try this case between November 4 and November 10, 2025.[3]

**IV.  CONCLUSION**

For the foregoing reasons, the Court should: (1) continue the trial to November 12, 2025, and if necessary, transfer this case to a district judge who is available to oversee the trial on that date; and (2) issue an order finding the period between September 26, 2025 and October 10, 2025 excludable under 18 U.S.C. §§ 3161(h)(1)(D), (h)(1)(H).

---

[3] November 11, 2025 is a federal holiday.

6