# Exhibit B

**FEDERAL PUBLIC DEFENDER**
CENTRAL DISTRICT OF CALIFORNIA
321 EAST 2nd STREET
LOS ANGELES, CALIFORNIA 90012-4202
213-894-2854

| | |
|---|---|
| **CUAUHTEMOC ORTEGA** | **KELLEY MUNOZ** |
| *Federal Public Defender* | *Santa Ana Branch Chief* |
| **AMY M. KARLIN** | **ANGELA C.C. VIRAMONTES** |
| *Chief Deputy* | *Riverside Branch Chief* |
| **C. PAMELA GÓMEZ** | **MARGARET A. FARRAND** |
| *Capital Habeas Chief* | *Appeals Chief* |
| **LISA LABARRE** | **JONATHAN C. AMINOFF** |
| *Los Angeles Trial Chief* | *Non-Capital Habeas Chief* |
| | **NEHA CHRISTERNA** |
| | *Collaborative Courts Chief* |

Direct Dial: (213) 894-4787

August 14, 2025

Robert Quealy
Christina Lopez
Assistant United States Attorneys
312 North Spring Street
Los Angeles, CA 90012
Robert.Quealy@usdoj.gov
Christina.Lopez@usdoj.gov

     Re:    ***United States v. Ashleigh Brown*, 2:25-mj-4835-DUTY**
            **Discovery Request**

Dear Mr. Quealy and Ms. Lopez:

     I write to request complete discovery in this case, pursuant to Federal Rules of Criminal Procedure 12 and 16, and all other applicable rules, statutes, and case law, including *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972), their progeny, and 18 U.S.C. § 3500.

     For purposes of this discovery request, please produce all materials in the government's possession, custody, or control, or otherwise known to the government. This request encompasses information both within the possession of federal agents, and within the possession of state agents, agencies, and offices with whom you and/or your agents have been working with in the course of your investigation of this matter. *See United States v. Wood*, 57 F.3d 733 (9th Cir. 1995); *United States v. Santiago*, 46 F.3d 885 (9th Cir. 1995). It also extends to documents and information in the control of government agencies both within and outside of this district, if "the prosecutor has knowledge and access to" such materials. *United States v. Bryan*, 868 F.2d

August 14, 2025
Page 2

1032, 1036 (9th Cir. 1989).  Prosecutors have a "personal duty to become aware of, and disclose, material exculpatory information."  *United States v. Alvarez*, 86 F.3d 901, 904 (9th Cir. 1996); *see also Kyles v. Whitley*, 514 U.S. 419 (1995).

      With the preceding in mind, I specifically request that you (a) immediately make a specific inquiry of each of the various agents and agencies involved in this matter (federal, state, and local, including law-enforcement as well as administrative), and make them aware of these discovery obligations; and (b) ensure that *all* agents' notes, evidence and all other discovery materials are preserved and produced promptly.  *United States v. Butler*, 567 F.2d 885, 889 (9th Cir. 1978); *United States v. Jackson*, 780 F.2d 1305 (6th Cir. 1986).

      Moreover, please make available for inspection and/or provide copies of the following items of discovery:

      (1) <u>Defendant's Statements</u>.  Pursuant to Federal Rules of Criminal Procedure 16(a)(1)(A) and (B), all oral, written, and recorded statements of the defendant, including but not limited to:  (a) all audio, video, and/or digital recordings of the defendant's statements to law enforcement agents; (b) the substance of any statements made by the defendant that the government intends to use at trial; (c) all copies of documents that refer or relate to any written or recorded statements made by the defendant; (d) all handwritten notes of government agents which were taken contemporaneously to the defendant's statements; (e) all electronically-transmitted statements of the defendant; and (f) any other statements by the defendant that are discoverable under the applicable laws.

      (2) <u>Defendant's Prior Record</u>.  Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(D), all documents that refer or relate to the defendant's prior criminal record.

      (3) <u>Documents and Objects</u>.  Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E), all documents or other items that are material to the preparation of the defense; all documents or other items that the government intends to use in its case-in-chief; and all documents or other items that were obtained from or belong to the defendant.

      This request includes, without limitation:  (a) all documents or other items that refer or relate to any search by any law enforcement agent or agency, whether pursuant to search warrant or otherwise; (b) all items seized; (c) all telephone recordings and wiretap applications; (d) all documents or items that refer or relate to defendant's arrest, including all arrest reports, notes, dispatch or other tapes or audio/video recordings of any kind, statements, or other documents relating to the circumstances surrounding arrest or any questioning; (e) any documents or items that refer or relate to any search of the defendant; and (f) all documents or other materials that refer or relate to any statements by any person alleged to be a victim in this case.

      (4) <u>Reports of Examinations and Tests</u>.  Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(F), all documents that refer or relate to any physical or mental examination, and of any

August 14, 2025
Page 3

scientific test or experiment, which are material to the preparation of the defense or are intended for use by the government at trial.

(5) Expert Witnesses.  Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G), all documents that contain, in whole or in part, a written summary of any expert testimony that the government intends to use at trial under Federal Rules of Evidence 702, 703, or 705.  Such documents must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

(6) *Brady* Material.  All documents, statements, reports, and tangible or other evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case.  This includes, without limitation, all impeachment and exculpatory evidence, as well as evidence that mitigates the defendant's culpability at sentencing.  *See United States v. Bagley*, 473 U.S. 667 (1985); *United States v. Agurs*, 427 U.S. 97 (1976); *Giglio v. United States*, 405 U.S. 150 (1972).

The defense specifically requests that the government produce a copy of all prior statements and testimony from expected government witnesses which is inconsistent with their expected trial testimony.

(7) *Giglio* Material.  I request the following information as to each government witness, on the ground that it is discoverable under *Giglio*:

a. Any prior criminal convictions and/or arrests and any evidence that the witness has committed or is suspected of committing a criminal act which did not result in an arrest or conviction;

b. Any payments made to the witness and the dates of such payments, whether in connection with this case or any other case, state or federal;

c. Any implicit or explicit promises of benefit which have been made by any government agent or agency, state or federal, regarding (i) non-prosecution for any offense, (ii) recommendations of leniency, or (iii) information to be provided at sentencing for any offense;

d. Any implicit or explicit promises of benefit which have been made to the witness, by any government agent or agency, in any other area, including, but not limited to, immigration status;

e. All known occasions on which the witness has made false statements to any person, including, but not limited to, law enforcement officers or any law enforcement agency or court, and specifically including, but not limited to, any aliases which the witness may have used;

August 14, 2025
Page 4

      f. Any false identification document which has ever been in the possession of and/or used by the witness, and each and every occasion on which the witness is known to have used said document;

      g. Any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his testimony;

      h. Any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics or any other controlled substance, or has ever been an alcoholic; and

      i. Any other information which adversely reflects on the credibility of the witness.

   (8) <u>Potential Witness Information</u>.  The name, address, telephone number, and location of any informant or other person who was a percipient witness to a material event in the case, who was a substantial participant in the investigation of the case, or who may have information relevant and helpful to the defense.

   (9) <u>Photographs/Video</u>.  All photographs, photographic arrays or spreads, video surveillance and/or similar documents or materials, used to identify, or alleged to depict, defendant, and/or any other alleged or suspected perpetrator(s) of the offense charged in, or related to the investigation of, this case.  This includes photographs, video surveillance, and/or similar documents or materials that were not used, or attempted to be used, to identify defendant, and/or any other alleged or suspected perpetrator(s) of the offense charged in this case.

   (10) <u>Confidential Informant/Source Material</u>.  Pursuant to your obligation under *Brady* and *Giglio*, please provide the following discovery with respect to any confidential informant ("CI") and/or source of information:

      a. The name and last-known address and telephone number of the CI or confidential source ("CS");

      b. The CI's/CS's criminal record, including but not limited to reports of law enforcement agencies relating to their prior arrests and/or participation in criminal activity;

      c. The CI's/CS's prior statements (including handwritten notes) concerning their knowledge of persons engaged in the type of conduct alleged in the indictment which omit any reference to the defendant;

      d. Records of payments, expense reimbursements, and any and all other benefits received by the CI/CS by any federal, state, or local government agency for his/her assistance in the investigation and prosecution of the instant case and any and all other criminal matters.  If no such records exist or if existing records do not completely reflect all payments, expense

August 14, 2025
Page 5

reimbursements, and benefits, please provide a written summary of those payments, expense reimbursements, and other benefits received by the CI/CS. This request for information regarding benefits received by the CI/CS includes, but is not limited to, oral and written promises for favorable treatment in any past, present, or future criminal prosecution or civil or administrative manner; provision of any goods or services; and/or provisions or promises for more favorable conditions of confinement;

  e. Contracts, agreements, and letters/memoranda of understanding between the CI/CS and any agency of the United States government or any other state or local law enforcement agency;

  f. The name, case number and jurisdiction of all other judicial proceedings in which the CI/CS have been utilized as an informant and/or testified;

  g. Records of polygraph examinations and/or refusals to submit to polygraph examinations by the CI/CS; and

  h. Records (including handwritten notes) which in any way indicate that the CI/CS has provided untruthful or misleading information or testimony in connection with this case or any other case to any state or federal law enforcement agency, state or federal grand jury, or state or federal court.

  (11) _Favorable Statements_. I request the name of any witness who made an arguably favorable statement concerning the defendant. I also request disclosure of any statement that may be relevant to any possible defense or contention that the defendant might assert. This includes in particular any statements by percipient witnesses.

  (12) _Exculpatory Statements_. I request disclosure of any exculpatory witness statement, including negative exculpatory statements, *i.e.*, statements by informed witnesses that fail to mention the defendant.

  (13) _Jencks Act Material_. All material pursuant to the Jencks Act, 18 U.S.C. § 3500, and Federal Rule of Criminal Procedure 26.2. The defendant specifically requests pretrial production of all prior statements of witnesses whom the government intends to call at trial so that the court may avoid unnecessary recesses and delays for counsel to properly use such statements and to prepare for cross-examination. This includes the Grand Jury transcripts of all testifying prosecution witnesses.

  (14) _Henthorn_ Material. Any and all personnel files of all law enforcement witnesses whom the government intends to call as a witness at trial. *United States v. Henthorn*, 931 F.2d 29, 31 (9th Cir. 1991); *United States v. Cadet*, 727 F.2d 1453 (9th Cir. 1984).

August 14, 2025
Page 6

      (15) <u>404(b) and 609 Material</u>. Any prior conviction(s), any "prior similar act(s)," or any other alleged uncharged misconduct evidence, covered by Federal Rules of Evidence 404(b) or 609, that you may seek to introduce at trial and the theory of its admissibility.

      (16) <u>Request for Preservation of Evidence</u>.  Defendant specifically requests that all alleged contraband, or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved.

      (17) <u>Evidence-In-Chief</u>.  Pursuant to Federal Rules of Criminal Procedure 12(b)(4)(B), the defense requests immediate notice of the government's intent to use (in its evidence-in-chief at trial) any evidence the defendant may be entitled to discovery under Rule 16.

      (18) <u>Sentencing Information</u>.  All information that the prosecution intends to use as part of any sentencing calculations or proceedings, including adjustments and departures, in the event of any conviction.

      Many Assistant United States Attorneys commonly request notice of defenses beyond that required by the Federal Rules of Criminal Procedure.  Please note that I will not provide notice of any defense beyond that required by Rules 12.1, 12.2, and 12.3 of the Federal Rules of Criminal Procedure.  If such a request is included in any memorandum that you send me, you should not assume by my silence that we are limiting our defenses.

      Please promptly advise me if the government does not intend to disclose any items of discovery which are responsive to this request so that I may file a discovery motion in a timely manner.

      Thank you for your courtesy and cooperation with this matter.

      Sincerely,

      */s/ Erica Choi*

      Erica Choi