BILAL A. ESSAYLI
Acting United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
CLIFFORD D. MPARE (Cal. Bar No. 337818)
Major Crimes Section
Assistant United States Attorney
LAUREN E. BORDER (Cal. Bar No. 327770)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4962 / 8231
     Facsimile: (213) 894-0141
     E-mail:  clifford.mpare@usdoj.gov
              lauren.border@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>             v.<br><br>ASHLEIGH BROWN,<br><br>             Defendant. | No. 2:25-cr-00701-FMO<br><br>GOVERNMENT'S NON-OPPOSITION TO DEFENSE MOTION TO COMPEL PRODUCTION OF COMPLETE PERSONNEL FILES AND MOTION IN LIMINE TO EXCLUDE TESTIMONY OF Z.C. FROM THE GOVERNMENT'S CASE-IN-CHIEF<br><br>Trial Date:  November 3, 2025<br>Time:        9:00 a.m.<br>Location:    Courtroom of the<br>             Hon. Fernando M.<br>             Olguin |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Clifford D. Mpare and Lauren E. Border, hereby files its non-opposition to defendant ASHLEIGH BROWN's ("defendant") motion to compel production of complete personnel files and motion in limine to exclude testimony of Z.C. from the government's case-in-chief (dkt. 83, "Mot."). Upon

filing the motion, the Court ordered the government to file its opposition by October 28, 2025, at 5 p.m. and to include a declaration from counsel containing specific information identified in the Court's order. (Dkt. 84.)

After the Court's Order was issued, the government moved to dismiss the case with prejudice and the parties agreed that defendant's Motion was moot. (Dkt. 85.) However, because the Court has not yet ruled on the government's motion to dismiss, the government files its non-opposition and declaration herein out of an abundance of caution to ensure compliance with the Court's order.

This response is based upon the attached memorandum of points and authorities, the declaration of AUSA Clifford D. Mpare, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 28, 2025          Respectfully submitted,

                                              BILAL A. ESSAYLI
Acting United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

          /s/
CLIFFORD D. MPARE
LAUREN E. BORDER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

In light of the government's motion to dismiss this case with prejudice (dkt. 86), the parties agreed that defendant's motion to compel the production of personnel files and preclude the testimony of FPS Inspector Z.C. in this case is moot.  Nonetheless, the government files this non-opposition and the attached Declaration of Clifford D. Mpare ("Mpare Decl.") to comply with the Court's Order (dkt. 85) and to explain the process it undertook to comply with its Henthorn and Brady obligations in this case.

**II.   FACTUAL BACKGROUND**

   **A.   Diligence Undertaken by the Government**

The government in this case timely complied with its standard procedures to conduct a review of materials that may be discoverable to the defense under United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

Under United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), and United States v. Jennings, 960 F.2d 1488 (9th Cir. 1992), the United States has an obligation to review the personnel files of federal law enforcement officers who are called to testify at a criminal trial to determine whether a personnel file contains information "of perjurious conduct or like dishonesty," which may be used to impeach the credibility of the witness.  If the prosecution is uncertain about the materiality of the information contained in an agent's file, it should submit the information to the court for an in-camera review.  See United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984).

Henthorn does not require the government to produce all impeachment information that could conceivably be favorable to the defense. Rather, as set forth above, the government must only produce evidence that meets the "appropriate standard of materiality." 931 F.2d at 30-31 (quoting Cadet, 727 F.2d at 1467-68)); see United States v. Navarro-Cuevas, No. CR-23-01448-001-PHX-JAT, 2024 WL 4503939, at *1 (D. Ariz. Oct. 16, 2024) ("[T]o the extent that Defendant suggests that the prosecution is required to disclose 'any favorable evidence' obtained, the motion is denied without prejudice. Under Henthorn, the prosecution is only obligated to furnish personnel files that contain information that is or may be material to the defendant's case.").

The Justice Manual establishes a process by which federal prosecutors can comply with their obligation to disclose exculpatory and impeachment information for federal law enforcement officers. Justice Manual §§ 9-5.001 to 9-5.100 (the "Giglio Policy"). That process consists of the same practice that was followed in this case: (1) a letter is sent to the officer's supervising federal agency requesting that it conduct an internal review, and (2) the federal prosecutors directly ask the witness a series of questions about any potentially impeachable material that may be in their background, sometimes called the "candid questions."

Specifically, on September 15, 2025, the government sent a letter to an attorney at the Federal Protective Service ("FPS") and formally requested a review of FPS Inspector Z.C.'s personnel file for any impeachable information, along with a list of all other potential government witnesses from FPS. (Mpare Decl. ¶ 2.) FPS Operational Attorney Advisor Cecelia Green responded by letter 10

2

days later on September 25, 2025, that FPS had conducted its review pursuance to <u>Giglio</u>, <u>Henthorn</u>, and <u>Brady</u>, and that there was "no impeachable information" with respect to Inspector Z.C.  (<u>Id.</u> ¶ 3.)

In addition to FPS's review of Z.C.'s file, pursuant to the Giglio Policy, the government asked Z.C. a series of candid questions, including about his criminal history.  (Mpare Decl. ¶ 4.) During these questions, Inspector Z.C. informed the government that he was convicted of driving under the influence and was arrested for disorderly conduct over 10 years ago.  Neither of these incidents was discoverable under <u>Henthorn</u>, <u>Giglio</u>, or <u>Brady</u>, since they did not bear on Inspector Z.C.'s credibility and they had no relevance to the facts of this case, or any potential defense proffered by the defendant.

The Court held a status conference on October 10, 2025, during which defense counsel requested that the Court impose a deadline by which the government confirm that it had complied with its <u>Henthorn</u> obligations.  (Dkt. 70.)  The Court ordered the government to file a declaration by no later than the following Tuesday, October 14, 2025, stating as much.  (Dkt. 70.)  On October 14, 2025, AUSA Clifford D. Mpare filed a declaration indicating that the government had complied with its <u>Henthorn</u> obligations and had nothing to disclose.  (Dkt. 71.)

**B.   The Government Timely Investigated Claims Made by the Defense**

On Sunday, October 26, 2025, defense counsel reached out to the government and disclosed that it would be filing a motion for

3

remedies due to alleged undisclosed Henthorn, Giglio, and Brady.[1] Specifically, defense counsel maintained that Inspector Z.C.'s criminal history should have been disclosed, which consisted of (1) a 2021 assault conviction (previously unknown to the government), (2) a 2014 arrest for disorderly conduct, and (3) a 2013 conviction for driving under the influence. As the government disclosed to defense counsel that same day, although the government knew about (2) and (3) -- which it maintained (and still maintains) did not rise to the level of disclosable information -- the government had no knowledge of Inspector Z.C.'s 2021 conviction. Defense counsel provided the government with a CLEAR report indicating Inspector Z.C. was convicted in 2021 pursuant to a guilty plea with harassment in violation of Pennsylvania Statute § 18.2709(a)(1).

Upon receiving this new information, the government immediately reached out to FPS Attorney Cecelia Green to inquire whether the 2021 conviction was discovered and not disclosed as part of its review of Inspector Z.C.'s files. Attorney Green confirmed it was not. (Mpare Decl. ¶ 9.) Additional, at the USAO's request on October 26, 2025, FPS ran Z.C.'s criminal history and the National Crime Information Center ("NCIC") inquiry, which also did not reveal this conviction. (See Mpare Decl., Ex. A (under seal).)

To date, the government has only limited information about Inspector Z.C.'s 2021 conviction. The minutes from his conviction

---

[1] In its Motion, the defense noted that it discovered this information on October 23, 2025 (Thursday) (Mot. at 1) but waited until Sunday to notify the government. During the meet and confer process, the government asked the defense to wait to file their motion until Noon on Monday so it could fully and meaningfully investigate these issues with the benefit of business hours. The defense denied this request and filed their motion at 9 a.m. on Monday, October 27.

4

indicated he pleaded guilty without being present. The case agent has attempted to contact both the Pennsylvania Court and the law enforcement agency that issued the citation to Inspector Z.C.; the former indicated that it did not retain records beyond three years, and the latter told the agent to submit a public records request. A review of Pennsylvania Statute § 18.2709(a)(1) indicates that it is considered a "summary offense," which in Pennsylvania is a level below a Class 3 misdemeanor. It is punished by up to $300 in fines and 90 days in jail, and, as a result, it is considered an infraction. 18 Pa. C.S. §§ 1101(7), 1105. The prosecution team also interviewed Inspector Z.C., who confirmed that the information relating the 2021 harassment conviction appeared to refer to him (as in, his name and date of birth). (Mpare Decl. ¶ 10.)

Because of the lack of certainty surrounding the nature of the conviction of this infraction, as well as the lack of time before the November 3, 2025, trial date to meaningfully investigate the citation, the government elected not to call him in its case-in-chief.

Thereafter, the government sought dismissal of the case and agreed with defense counsel that it would be with prejudice. Defense counsel also agreed its motion to compel was moot in light of the government's motion.

**III. THE GOVERNMENT DID NOT VIOLATE <u>BRADY</u> OR <u>HENTHORN</u>**

Although defendant's motion is now moot, the government nonetheless maintains that it did not violate its discovery obligations, and no further consequences are warranted in this case beyond dismissing the case with prejudice in the interest of justice.

5

First, as it relates to the 2021 conviction, given the government's lack of knowledge about the Pennsylvania conviction and the defense's discovery of it in advance of trial, there can be no <u>Brady</u> violation. <u>See, e.g.</u>, <u>United States v. Houston</u>, 648 F.3d 806, 813 (9th Cir. 2011) (noting "there is no <u>Brady</u> violation so long as the exculpatory or impeaching evidence is disclosed at a time when it still has value").  Contrary to the defense suggestion, the government did not "fail[] to disclose Z.C.'s assault history" (Mot. 8) because, as the record makes clear, it did not know of the 2021 harassment conviction despite taking the requisite steps and diligence to do so.

Second, victim Z.C.'s arrest for disorderly conduct -- over eleven years ago -- is not probative, and is not <u>Brady</u> evidence, or <u>Henthorn</u> material.  As the defense motion makes clear, Z.C. was <u>arrested</u> for disorderly conduct; there has been no conviction or other finding that he engaged in disorderly conduct.  <u>See</u> <u>Sibrian v. City of Los Angeles</u>, 288 F. App'x 385, 387 (9th Cir. 2008) (upholding decision to exclude evidence of complaints when officers were exonerated or evidence was inconclusive).  Because such records do not bear on credibility, they need not be disclosed to the defense. <u>See</u> <u>United States v. Massimino</u>, 641 F. App'x 153, 165 (3d Cir. 2016) (finding that a disciplinary finding of "serious lack of judgment" did not amount to specific conduct probative of untruthfulness under Rule 608(b).  In the instant case, Z.C.'s arrest is even less probative given the type of police encounter (arrest), and the age of the conduct (over eleven years ago).

Finally, victim Z.C.'s conviction for driving under the influence -- almost twelve years ago -- is similarly not probative,

6

and is not <u>Brady</u> evidence, or <u>Henthorn</u> material.  Courts have routinely excluded cross-examination related to prior convictions for DUIs and statements made while under the influence as not probative of truthfulness or credibility.  <u>See</u> <u>United States v. Edwards</u>, 156 F. App'x 954, 956 (9th Cir. 2005) (unpublished) ("We agree with the government that the officers' misdemeanor DUI convictions are simply irrelevant to their credibility" and excluding officer's false statement to arresting officer because "[t]he statement itself, made almost three years before the [defendant's] arrest when the officer was off-duty with impaired judgment, was of marginal relevance to the officer's credibility"); <u>see also</u> <u>United States v. Wiman</u>, 77 F.3d 981, 986 (7th Cir. 1996) (affirming exclusion of "misdemeanor conviction[] ... for driving under the influence of alcohol" for impeachment of government witness); <u>United States v. Garcia</u>, No. 18-cr-00466-BLF, 2021 WL 4594774, at *2 (N.D. Cal. Oct. 6, 2021) (holding that evidence of a law enforcement witness's misdemeanor DUI conviction and statements to arresting officer be excluded).

**IV.  CONCLUSION**

    For the foregoing reasons, the government respectfully requests that the Court deny defendant's motion as moot and dismiss the case with prejudice.

7