**DECLARATION OF CLIFFORD D. MPARE**

I, Clifford D. Mpare, declare as follows:

1. I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I am one of the attorneys representing the government in this case.

2. As part of its investigation in this case, on September 15, 2025, the government requested that the Federal Protective Service ("FPS") review the personnel file of FPS Inspector Z.C. for materials that are discoverable to the defense pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

3. On September 25, 2025, the government received a response from FPS Operational Attorney Advisor Cecelia Green that FPS had conducted a review pursuant to Giglio, Henthorn, and Brady, and Z.C. had no impeachable information in his personnel file.

4. In addition to the letter request to FPS, I am aware from my colleagues at the USAO that on or about September 30, 2025, they asked Inspector Z.C. the candid questions in anticipation of calling him at trial in this case. As part of that conversation, I was informed that Inspector Z.C. disclosed that he was convicted of driving under the influence and arrested for disorderly conduct over 10 years ago. The government determined these events were not discoverable.

5. On October 14, 2025, after conferring with my supervisors, based on the above and my belief that the government's process complied with Department Policy as well as the case law, I filed a declaration with the Court stating that the government had complied with its Henthorn obligations and had no information to disclose.

6. On Sunday, October 26, 2025, while I was out of town, I learned from my supervisor at the USAO that defense counsel intended to file a motion based on undisclosed Henthorn materials, including a 2021 harassment conviction in violation of Pennsylvania Statute § 18.2709(a)(1).

7. On October 26, 2025, at the USAO's request, the case agent with FPS conducted an inquiry with the National Crime Information Center ("NCIC") for a criminal history inquiry for Z.C., and it did not reveal any charge or criminal contact in 2021. Attached hereto and filed under seal as **Exhibit A** is the NCIC check conducted by FPS on October 26, 2025.

8. On October 26, 2025, I understand that my colleagues spoke to Z.C., who confirmed that the information relating the 2021 harassment conviction appeared to refer to him (as in, his name and date of birth).

9. I have spoken to FPS Attorney Cecelia Green, who provided the following information:

    a. When she sent her letter on October 25, 2025, she had no knowledge of Inspector Z.C.'s 2021 conviction for harassment in violation of Pennsylvania Statute § 18.2709(a)(1).

    b. When Attorney Green receives a Henthorn request like the one sent in this case, she has a standard process of review that takes place, which includes asking multiple different individuals at FPS who have possession of different portions of someone's personnel file.

    c. In this case, that review consisted of contacting the following people before she sent her response letter on October 25, 2025:

2

    i. Roger Scharmen, Region 9 Deputy Regional Director and R9 Giglio Liaison Officer.  DRD Scharmen reviewed local personnel records during the course of Inspector Z.C.'s deployment and nothing responsive was found.  He responded with that information on September 19, 2025.  Since Inspector Z.C. is from Region 4, DRD Scharmen reached out to the Region 4 Deputy Regional Director Anthony Leaphart.

    ii. Anthony Leaphart, Region 4 Deputy Regional Director reviewed his local personnel files on September 19 and found nothing responsive; however, he went on to request Inspector Z.C.'s first line supervisor also check his records: District Commander Darren Summers.

    iii. Darren Summers, Region 4 District Commander & Inspector Z.C.'s immediate supervisor reviewed his local personnel folder on September 19, 2025, and found nothing responsive.

    iv. Eric Dymond, Branch Chief Investigations Coordination Branch and Giglio Liaison for Office of Internal Investigations reviewed their files on September 19 and found nothing responsive.

    v. Stephanie Saldamaga, Employee Relations HR Specialist conducting a review of their files on September 19 and found nothing responsive.

  d. After receiving their negative responses, she provided the USAO with her letter indicating there was nothing to disclose.

  10. Attorney Green also communicated to me that upon learning for the first time of a potential 2021 conviction when that information was provided by defense counsel on Sunday, October 26, 2025, she reached out to Assistant Director Adam Stickler with the

3

Office of Internal Investigations to verify the information that was provided by defense counsel. As part of this process, she approved running an NCIC check on Inspector Z.C., which did not identify the 2021 conviction. She also represented that Assistant Director Stickler had then undertaken a review of Inspector Z.C.'s SF-86, which did not identify the 2021 conviction. In response to this new information, Assistant Director Stickler also reached out to the Office of Chief Security, which conducted the background check for Inspector Z.C., and as part of those background records there was no indication that Inspector Z.C. had a 2021 conviction. The background investigator's notes include a reference to seeking court records from 2021, but a notation that no records were found, and no indication that the records were related to a criminal matter.

11. FPS is in the process of investigating the 2021 conviction further.

12. On Monday, October 29, 2025, members of my Office communicated to defense counsel that we would be dismissing the case with prejudice, and defense counsel agreed to withdraw their pending motion as moot.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on October 28, 2025.

/s/
CLIFFORD D. MPARE
Assistant United States Attorney

4

**EXHIBIT A**

**(FILED UNDER SEAL)**